## Joseph W. Hitchens v. Adam Shaller.

*Practice: Assignment of error: Exceptions.*    Upon a record which does not show that any requests to charge were made or refused, or that the plaintiff in error was in any way dissatisfied with the instructions given, an assignment of error, that upon the whole evidence the verdict ought to have been the other way, will not be considered.

*License: Trespass.*    A verbal license to go upon lands to ditch may be revoked by parol, and an oral agreement to give a written license if a neighbor will do likewise cannot operate as a license where, after the neighbor had done as requested, the party making such agreement declined to abide by it, and forbade the digging of the ditch.

*Trespass: Evidence.*    In an action of trespass to recover damages for entering on plaintiff's lands and cutting a ditch under such circumstances, it was held error to admit in evidence, against objection, the written license of such neighbor, in connection with the testimony as to such agreement, to make out a license or justification of the trespass.

HITCHENS *v.* SHALLER.

*Immaterial evidence.* The error in admitting such immaterial evidence is one that would prejudice the plaintiff by leading the jury to believe that defendant had thereby made out a justification of his acts.

*Heard October 8. Decided October 26.*

Error to Livingston Circuit.

*J. L. Topping,* for plaintiff in error.

*Dennis Shields,* for defendant in error.

GRAVES, CH. J:

Hitchens sued Shaller to recover damages for trespass upon his land. The trespass consisted in deepening an old ditch on the plaintiff's land to relieve the land of the defendant from water. The gravamen of the action was, not to establish a possessory right, but to obtain money satisfaction for the imputed grievance. The only defense against the right to recover something was an alleged license. The issue was tried by jury, and they returned a verdict for defendant. No complaint is made against the charge, and it is not set up in the record. Three errors are assigned; two on exceptions taken to the admission of evidence, and the third that upon the whole evidence the plaintiff was entitled to a verdict. The first objection to evidence is so plainly untenable it would be a waste of time to dwell upon it, and the record fails to support a charge of error based on the supposed effect of the whole evidence. In order to raise the point I think it should appear that the court refused to instruct the jury to find for the plaintiff. But it is not shown that any requests were made, or that the plaintiff was in any way dissatisfied with the rulings of the judge in his instructions to the jury.

The second exception on the admission of evidence is well based. The ruling was erroneous and prejudicial. Bearing in mind that the only defense made against the right to maintain the action was a claim to justify under a license, a short reference to the facts will be useful. The plaintiff

had given evidence that a shallow ditch had for many years existed on his land, and that defendant went on and considerably enlarged it.    There was other testimony that the plaintiff had verbally consented that defendant might enlarge the old ditch, but revoked such consent very shortly after the enlargement was begun, and that defendant went on notwithstanding.    The defendant testified that plaintiff told him he might sink the old ditch a foot lower, and that he then let the job to one Martin, and plaintiff pointed out the place to begin at; that Martin commenced, and soon afterwards the plaintiff claimed they were going deeper than a foot, and demanded that the work should cease; that defendant replied, if they were going too low he would tell them not to dig too deep; that the next day he went to the ditch and found they had deepened it but ten inches, and then went to the plaintiff and stated that he had called to have the ditch matter settled; that he, defendant, then proposed to make a blind ditch instead of an open one, and asked for the plaintiff's consent in writing, and presented him a paper to that end for signature, but that the plaintiff refused to sign it unless one Brigham, an adjoining owner, would allow defendant to extend the ditch across the land of said Brigham; that defendant then procured a writing from Brigham, but plaintiff, after seeing it, continued his dissent.    The admission of this writing is the ground of exception.    It was in form a certificate under the hand and seal of Brigham, that he consented that Eunice Hitchens, J. O. Hitchens and Warren Hitchens, or either of them, or their heirs or assigns, might construct an open ditch of specified dimensions across his land along where old ditches then existed, and released all claim for damage, and would not impair the ditch when constructed.

Now the evidence was decisive that any verbal license the plaintiff had originally given was revoked and done away with soon after the defendant's men began digging, and it is very clear that defendant's non-assent on seeing the paper made by Brigham was an exercise of his lawful right and a

termination of all warrant on the part of defendant to further prosecute the ditching on the plaintiff's land.    When the defendant proceeded to get this paper, it is plain from his own testimony that both sides understood that all right founded on the first talk was revoked and given up, and that any right to go farther must depend upon a consummation of the arrangement secondly talked about.    But there was no consummation of this arrangement.    This is plain from the testimony given by defendant himself.

The writing did not correspond with the spirit of the condition, which, according to defendant's own testimony, the plaintiff made as the terms of his assent.    But if it had perfectly corresponded it would still have been lawful for the plaintiff to recede on the tender of the paper for his acquiescence.    It was still open for him to decide whether he would allow the ditching to go on.    The mere obtainment and presentment of this paper were without legal force against his rights, and on his non-acquiescence the document was inadmissible to affect them.    On his rejection of it, it failed in coming into force against him.    On looking at the whole transaction as it must have appeared to the jury, the conclusion is unavoidable that they regarded the admission of this writing as sanctioning the idea that it went to justify such acts of the defendant in going on with the ditch as were done after its procurement.    Seeing the court admit it, they regarded it as a substantial compliance with a condition upon which the defendant was to be understood as licensed to proceed.    If correct in this, the plaintiff suffered legal prejudice by the improper admission of the paper, and the judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.