ELIZABETH GRIFFITHS, Respondent, *v.* EDWARD A. MORRISON et al., Appellants.

Plaintiff being the owner of two lots, Nos. 141 and 143, each twenty-two feet wide, on a street in the city of New York, sold and conveyed to defendants' grantor lot 143 by metes and bounds "with the buildings and improvements thereon," "together with all and singular the tenements, hereditaments and appurtenances thereunto belonging." Lot 141 adjoined lot 143 on the east. On the rear of lot 143, at the time of the conveyance, was a house, the front and rear walls of which extended five feet over on lot 141 to the western wall of a building on that lot· they were not keyed into such western wall and the timbers of the house were not supported thereby but rested on piers, the eastern rooms of the house had this wall for their eastern boundary and the plastering was placed upon or directly against it. In an action of ejectment to recover possession of the five feet so occupied, *held*, that the deed did not convey the land in dispute, but only so much of the building as was on the lot described; nor did it give the grantee, as an easement appurtenant to the grant, a right to retain possession thereof and to use the said exterior wall so long as it endured as a wall to his house; and that, therefore, plaintiff was entitled to recover.

There were also a privy, hydrant, etc., on lot 141, connected with the said house on lot 143. *Held*, that the grantee acquired no easement for the maintenance thereof.

By the word "appurtenances" incorporeal easements or rights or privileges will alone pass; and of these only such as are necessary to the proper enjoyment of the estate granted.

*Rogers* v. *Sinsheimer* (50 N. Y. 646) distinguished.

(Argued May 10, 1887; decided June 7, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 8, 1885, which affirmed a judgment

in favor of the plaintiff entered upon a verdict. (Reported below, 36 Hun, 337.)

This was an action of ejectment.

It appeared that James Wakely was formerly the owner of two lots of land in the city of New York, known as Nos. 141 and 143 West Forty-ninth street. These lots were each twenty-two feet front and rear, and one hundred feet four and one-half inches in depth. Mr. Wakely conveyed them to the plaintiff by deed, dated November, 1853. By deed, dated June, 1880, the plaintiff conveyed to Mary Larkin, afterwards Laverick, the lot and premises 143, and the latter by deed, dated April 1, 1882, conveyed the same premises to the defendant Morrison. In the deed from the plaintiff to Larkin the lot was described as twenty-two feet front and rear by one hundred feet and four and one-half inches in depth, and was conveyed " with the buildings and improvements thereon," " together with all and singular the tenements, hereditaments and appurtenances thereunto belonging." It appears that there was a small structure built upon the rear of lot 141, which was complete, walls and all, before a kindred structure was erected upon the rear of lot 143. The structure upon the rear of 141 did not cover the whole lot. The structure upon 143 covered not only the rear of that lot, but extended about five feet over the line of lot 141 and up to the west wall of the structure erected upon 141, and the west wall of 141 therefore formed the easterly wall of the structure upon 143. The walls of the structure of 143, although they extended to the westerly wall of 141, were not keyed to it, and the beams rested on piers. The principal controversy was as to the right of the defendant under his deed to occupy the five feet of lot 141, over which the structure upon 143 extends. Upon lot 141, between the west wall of the building thereon and lot 143, at the time of the conveyance by plaintiff aforesaid, was a privy, hydrant, etc., connected with and used by the occupants of said house on lot 143. Defendant claimed an easement for the maintenance of said structures.

*James J. Thomson* for appellants. On the severance by respondent of the tenements 141 and 143, the right to maintain the walls of the rear house, and also the use of the yard as conveyed, passed to her grantee, and thus an easement in favor of the tenement granted was created, and the tenement retained by the respondent became charged with the servitude. This easement was appurtenant to the respondent's grant. (*Rogers* v. *Sinsheimer*, 50 N. Y. 646; *Lampman* v. *Milk*, 21 id. 506; Broom's Maxims Marg. 476.) This right to maintain and enjoy the exterior walls of the house carries with it the right to occupy the space between the boundary of the lot and the exterior wall of the building. (*Rogers* v. *Sinsheimer*, 50 N. Y. 648.) This easement in the land and in the cottage wall to serve as an exterior wall continues " so long as the wall shall stand." (*Rogers* v. *Sinsheimer*, 50 N. Y. 648; *Reiners* v. *Young*, 38 Hun, 335.) The appellants have an easement in the yard for the use of the tenants of the granted house, and for the maintenance of the privy, a water-closet, hydrant-leader, etc. (*Doyle* v. *Lord*, 64 N. Y. 437.) The easement in question is not only created by grant, but it is an apparent and continuous easement, and would pass as incident to the grant without the word " appurtenances." (*Parker* v. *Johnson*, 68 N. Y. 66; *Rogers* v. *Sinsheimer*, 50 id. 648.) The action for the possession could not be maintained; the appellants enjoy an easement in the land in dispute wholly inconsistent with actual occupation by respondent. (*Wicklow* v. *Lane*, 37 Barb, 247; *Rogers* v. *Sinsheimer*, 50 N. Y. 649.)

*S. Jones* for respondent. The defendant has no rights of easement. (*Grant* v. *Close*, 17 Mass. 141; *Parsons* v. *Johnson*, 68 N. Y. 62–70.) There is no actual necessity of these walls for the support of the remaining structure. Actual necessity is the controlling element. (*Ogden* v. *Jennings*, 62 N. Y. 526–531.)

PECKHAM, J. The deed from plaintiff to defendants' grantor conveyed the lot No. 143 by metes and bounds, as being twenty-

two feet wide on Forty-ninth street, and the same width in the rear, and 100 feet and four and one-half inches deep. This description confessedly does not embrace the five feet of land in question which are within the area of lot No. 141 on the east. The defendant, however, claims to have the right, in the nature of an easement, to retain the possession of this strip, although not embraced in the above description, because the house on the rear of his lot was built and extended over these five feet on the lot adjoining it on the east, by the person who was at the time the owner of both lots. For this house thus extended towards the east there never was a separate and exterior eastern wall, but its front and rear walls were simply extended five feet over the line until they met the western wall of a house built on that adjoining lot but not up to the western line of the lot within the said limit of five feet and some inches. The front and rear walls above mentioned were not keyed into this western exterior wall, and the timbers of the the house did not rest in such wall but were supported by piers. This wall was thus made the east wall of the house, the largest part of which was built on the lot now owned by defendant, and the plastering was placed upon or directly against it. The house had a hall-way through its center with rooms on each side, and the eastern rooms, of course, had this wall for their eastern boundary. Under these circumstances the plaintiff sold to defendants' grantor a piece of land described as above, " with the buildings and improvements thereon, together with all and singular the tenements, hereditaments and appurtenances thereto belonging."

Unless the defendant has the right to retain the possession of the five feet and the right to use the exterior wall above described as a wall to his building so long as the wall shall endure, the plaintiff has established her right to the premises, and the judgment awarding her possession thereof, must be affirmed.

The defendant claims to have established his right under the language of the deed last above quoted.

The description in the deed of the amount of the land conveyed is minute and definite, even to a half inch, and the

deed conveys "the buildings and improvements thereon." Does this language include the right to retain possession of this five feet in controversy while that western extension wall endures, and to use such wall as the eastern extension wall of the defendant's house? It is the building and improvements *on the land* which is most accurately and minutely described, that are conveyed. There is no suggestion of mistake of measurement in the amount of land intended to be conveyed, and yet a piece of land, five feet in addition to that which was actually conveyed and out of a total of only twenty-two feet, is thus called for to furnish this easement to defendant's premises. We think that the language conveys only that part of the building which is on the land described and that no right, such as is claimed by the defendant, exists upon or in relation to the land not conveyed and which belongs to plaintiff. Such we think is the clear intention to be deduced from the language used and from the situation of the parties. The defendant can easily build up a wall on the easterly side of his premises which will then keep the building thereon in good condition, although the effect, of course, will be to somewhat diminish the size of the whole building as to width. The defendant will still have all that was conveyed to his grantor, viz., the building and improvements which were on the land actually conveyed.

But the defendant claims that his right can be founded upon the other clause of the deed which conveys the land thus specifically described, " together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining." It is claimed that this right to use the western extension wall as long as it endures, and also the space for the front and rear walls, is an easement which is appurtenant to the grant of the twenty-two feet of land " with the buildings and improvements thereon," which building defendant says cannot exist as a building unless the front and rear walls are permitted to stand, and they cannot stand unless permitted to occupy the land on which they stand.

It must be remembered that the parties have respectively granted and received all of the land that was intended. There has been no mistake made about the quantity thereof. The grantee received and the grantor conveyed only twenty-two feet in width. Each of course knowing that five feet of the width of the building ran over and upon land not conveyed. If there had been any thought of conveying that portion of the house which stood on land not conveyed, or of erecting any easement upon the land not conveyed in the nature of a right of support for the walls of the building, I think language would have been used which would have made it plain that such was the intention. By the word "appurtenances" incorporeal easements or rights or privileges will alone pass and of these only such as are necessary to the proper enjoyment of the estate granted. (*Ogden* v. *Jennings*, 62 N. Y. 526.)

I think the estate granted was a lot of land twenty-two feet wide and such building as was on that lot, but the estate did not extend to any portion of that building which was outside of and beyond such lot. It was not necessary in order to enjoy the estate granted, that there should exist an easement in the shape of an appurtenance to such estate, which was not directly necessary to its proper enjoyment and was no more than a mere convenience, and in effect simply an enlargement of the grant. By building the extension wall on his own land the defendant can have the full enjoyment of everything that has been conveyed to him.

He cites as the main authority for his contention the case of *Rogers* v. *Sinsheimer* (50 N. Y. 646). But the cases are clearly distinguishable. In the *Rogers Case* the original owner had built two houses on two lots with a party wall eight inches thick between them which served as a support for the beams of each house. On the same day he sold the houses by two deeds to two different parties, conveying the easterly lot to A., the plaintiff's grantor, and the westerly lot to B., the defendant's grantor, the deed to the latter by a description which located the division line so as to throw the

party wall and two inches of land on the westerly side thereof within the plaintiff's lot. The plaintiff recovered a judgment which was reversed at General Term and such reversal affirmed here. It was placed on the ground that as it was a party wall which at the time of the conveyance served as a support for the beams of the house erected on the lot then belonging to defendant, the premises were obviously charged with the servitude of having the beams of the house rest in the wall, and the wall remain as an exterior wall for defendant's house so long as the building should endure. Thus we have the fact of a party wall and an actual existing support therein for the beams of each house and the right to the use of it as an exterior wall. Again there was a space of but two inches beyond the party wall which plaintiff claimed, and that space was so short as to prevent the idea being formed that there was an intention by such conveyance to terminate the character of the wall and the right of defendant to rest his beams upon it. Such right of support existing carried with it, of course, the right to occupy this space of two inches between the easterly boundary of defendant's lot and the wall, with the timbers which were to be supported in the wall.

In the case at bar there was no party wall and no support and no right of support for the beams of defendant's house. The exterior wall of an existing house had simply been utilized as being partition enough between the houses, and no part of it was used for a support of any of the timbers of the house in question, and this wall was five feet from the line of the premises which were actually conveyed to the defendant.

The character of the easement claimed by defendant, in effect, does not differ from the claim of the fee to the five feet, for the right to occupy the space with the front and rear walls, and to have the western wall of the other building serve as the eastern exterior wall of defendant's, requires in its exercise the actual and exclusive possession of that amount of land, although it was never conveyed to defendant. There is no intention to make a conveyance of any such right

expressed in the deed, and there is nothing in the *Rogers Case* which compels or authorizes us to imply such an intention. We have looked at the other cases cited by defendant's counsel, but they plainly have no application.

What has been said in regard to the claim of defendant as to the five feet, applies with stronger force to the alleged easement for the maintenance of the privy, hydrant, etc. This alleged claim is plainly untenable, as not being in any sense an appurtenant to the land conveyed, not necessary to its enjoyment, and scarcely even more convenient.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.