JOHN REINERS *et al.*, Appellants, *v.* JOHN M. YOUNG, Respondent.

*Court of Appeals, April* 24, 1888.

Reversing same case, 38 Hun, 335.

1. *Easement. How created.*—An easement is the right which one proprietor has to some profit, benefit or lawful use out of or over the estate of another proprietor. Where it does not originate in fraud, it should be found to exist in the agreement, express or implied, of the owner of the servient tenement.

2. *Same.*—Upon the severance of a tenement, where the easement or servitude is not contained in the grant, the fact that the premises retained by the grantor are a servient tenement, charged with an easement, should be patent as a feature of the land, which directs

the attention to its existence upon such examination as would be ordinarily given.

3. *Same.*—In this case, as the servitude or easement claimed by the defendant is not found in the grant, and is not, in the nature of the case, apparent, and there is no necessity for its existence, the defendant's claim that he has an easement in the overlapping wall, because it was built by the owner of the entire premises, must fall.

Appeal from an order of the general term of the supreme court, reversing the judgment in favor of plaintiff, rendered at special term, and granting a new trial.

· *J. Stewart Ross*, for appellants.

*Wm. H. King*, for respondent.

GRAY, J.—By the pleadings in this action, the controversy between these litigants is made to turn upon a single question, and that is whether the defendant has made out any right to an easement. It appears from the map that the westerly wall of his house, and the westerly fence of his lot are upon the land of the plaintiffs. The plaintiffs, in their complaint, allege their ownership of the fee in the land, and that possession thereof is unlawfully withheld from them by the defendant. The defendant admits plaintiffs' allegation of ownership, and explicitly alleges that he does not now claim, nor has, at any time, claimed or asserted title to, or ownership in, any portion of the premises to which plaintiffs lay claim in their complaint. The answer further sets forth, that the building now standing on his premises, was erected formerly by one North, who, at the time, was the owner of his lot, and also of the lot next adjoining on the west, which included the strip in question, and that while such owner, North, conveyed the lot owned by the defendant, to one Hill, through whom defendant's title is derived. The answer further shows that the present building is now as it was erected by North, and that it was so erected by him "with full power and authority to do so."

The plaintiffs acquired title to their lot, unimproved, subsequently to North's conveyance to Hill, and, after their acquisition, discovered, through a survey of the premises, that the west wall of defendant's house, and his west fence in the rear, stood upon their lot to the extent of a few inches.

It is questionable, whether the defendant's pleading sufficiently sets forth any defense to the plaintiff's claim. His argument is, that he has an easement in the overlapping wall, because it was built by the owner of the entire premises, and he invokes, in support of his contention, the rule at common law, as stated in Lampman *v.* Milks (21 N. Y. 505), that when the owner of two tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement or portion sold, with all the benefits and burdens which appear at the time of sale to belong to it, as between it and the property which the vendor retains.

But neither on the pleadings or the proof does he make out any right by grant or implication for the advantage of his piece of land in or over the adjoining lot, and, therefore, the elements necessary to constitute an easement or servitude are wanting. An easement is the right which one proprietor has to some profit, benefit or lawful use out of or over the estate of another proprietor.

Where it does not originate in fraud it should be found to exist in the agreement, express or implied, of the owner of the servient tenement. Gale & Whately on Easements, 23–81. In the present case there was certainly nothing in the grant of defendant's premises upon which he can found any claim that an easement was annexed to his estate which constituted a charge upon the plaintiff's estate in respect of the overlapping wall and the fence. His deed is singularly wanting in those features of a grant usually found in transfers of land, upon which buildings have been erected and to which rights might appertain. The description in his deed of the premises intended to be conveyed

thereby is simply of a lot by its metes and bounds, with no mention of buildings; while the *habendum* clause does not include appurtenances in its language.

We do not think, in such or similar cases, upon the severance of a tenement, a reservation should be implied of an easement or servitude in the premises retained by the grantor. Where the easement or servitude is not contained in the grant, the sign of the servitude should be apparent; or, as it was expressed in some of the authorities and quoted with approval by Judge RAPALLO, in Butterworth *v.* Crawford (46 N. Y. 349), the marks of the burden should be open and visible. In the same case that learned judge said, with reference to the rule of law creating an easement on the severance of two tenements, " unless the servitude be open and visible, or at least unless there be some apparent mark or sign, which would indicate its existence to one reasonably familiar with the subject, on an inspection of the premises, the rule has no application."

Such was not the state of facts here. It does not appear that it was known to any one that the buildings extended beyond the line of the defendant's lot and no ordinary or usual inspection or examination, or anything short of a survey, would probably have revealed that fact. It was undoubtedly the result of inadvertence in the erection of the building and of the fence. It is impossible, therefore, to say that there was here any apparent sign or mark of a servitude in, or of a burden upon, the premises now owned by the plaintiff. That the brick wall of the house standing on defendant's lot should have furnished the indication of the existence of a servitude in, or a charge upon, the premises now owned by the plaintiffs, as is intimated in the general term opinion, involves the idea of a consciousness of the fact, upon inspection, that a side wall of a building not being a party wall (as was the case in Rogers *v.* Sinsheimer, 50 N. Y. 646), was built over the boundary line of the lot, which was about to be conveyed.

I think that is an untenable view of the situation of the parties when the premises now owned by defendant were transferred, and that what the rule requires is that the fact that the premises retained by the grantor are a servient tenement, charged with an easement, should be patent as a feature of the land, which directs the attention to its existence upon such examination as would be ordinarily given.

The case of Griffiths v. Morrison (106 N. Y. 165; 8 N. Y. State Rep. 585), recently decided by this court, was an action of ejectment. The description in the deed to defendant's grantor was by metes and bounds and did not embrace a strip of land which was within the area of the adjoining lot; but the defendant claimed the right, in the nature of an easement, to retain possession of the strip, because the house was built and extended over the strip in question by the person who was the owner of both lots.

In that case, plaintiff had conveyed to the defendant's grantor, and his deed conveyed the buildings on the land, together with the tenements, hereditaments and appurtenances thereto belonging; language wanting in the description of the deed in the present case.

Judge PECKHAM, delivering the opinion of the court, which was concurred in by all the members, held that the defendant did not have the right to retain possession of the strip, and confined the defendant's use of the buildings standing on his premises to the limits of the land actually conveyed by the deed. He held that the language of the deed conveyed only that part of the building which was on the land described, and that no right exists upon or in relation to the land not conveyed, and which belonged to the plaintiff; that the estate granted was a lot of land of the dimensions given in the deed, and such building as was on that lot, and that the estate did not extend to any portion of the building which was outside of and beyond such lot.

We think that to the extent the building in this case

stands upon the plaintiff's land, it deprives him of its possession. As it was said in Griffiths *v.* Morrison, the character of the easement claimed by the defendant, in effect, does not differ from the claim of the fee to the strip in question. The controversy here is trivial, when the amount of land claimed is considered; but important principles seem involved, which call for an expression of our views.

Our conclusion is that, as the servitude or easement claimed by the defendant is not found in the grant, and was not, in the nature of the case apparent, and there was no necessity for its existence, the defendant's claim must fall.

The order of the general term reversing the judgment of the special term, and granting a new trial, should be reversed, and the judgment of the special term should be affirmed, with costs in both courts.

All concur (RUGER, Ch. J., ANDREWS and EARL, JJ., in result), except DANFORTH, J., not voting.