(36 App. Div. 41.)

WILSON v. WIGHTMAN.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. DEEDS—DESCRIPTION—EASEMENT.
    Plaintiff conveyed a lot by metes and bounds, with the buildings erected thereon. A stoop appurtenant to the building extended four inches on the adjoining lot, which was owned by plaintiff. *Held* that the title to such four inches did not pass by the deed, but that the grantee acquired an easement thereon for the support of the stoop as long as he maintained it appurtenant to the building.

2. EJECTMENT—EASEMENTS.
    The owner of land subject to a private easement may maintain ejectment to recover possession, subject to the easement, against the dominant tenant.

Ejectment by Bernard Wilson, as grantor, for the benefit of John L. Brower, against Elizabeth Wightman. Heard on exceptions to

the direction of a verdict for defendant on a trial before a jury, and motion for a new trial. Exceptions sustained, and motion granted.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles De Hart Brower, for plaintiff.
William J. Leitch, for defendant.

INGRAHAM, J. The action was in ejectment, brought to recover a strip of land four inches in width and five feet in depth on the westerly side of West End avenue, between Eighty-Ninth and Ninetieth streets, in the city of New York. The answer denies the title of the plaintiff to the land in question, admits that the defendant is in possession of the premises, and alleges that such premises are covered by a portion of a building known as "No. 505 West End Avenue," which building, together with the premises upon which it stands, was conveyed by the plaintiff and his wife to the defendant; that the said building was erected by the plaintiff as a dwelling house; and that at the time of the conveyance to the defendant it was erected and standing upon the premises so conveyed, and to the same extent and in the same manner as it existed at the time of the commencement of this action. The case coming on for trial before a jury, the plaintiff offered evidence tending to show that he, being the owner in fee of a plot of land, built thereon two houses, and subsequently conveyed one of them to the defendant by a conveyance dated April 8, 1890, and recorded April 21, 1890. The property conveyed by this deed is described therein as follows:

"All that certain lot of land, with the buildings erected thereon, situate on the westerly side of West End avenue, in the city of New York, commencing at a point thereon distant forty-four feet northerly from the northwesterly corner of West End avenue and Eighty-Ninth street; running thence westerly, parallel with Eighty-Ninth street, and partly through a party wall, ninety feet; thence northerly, parallel with West End avenue, twenty feet; thence easterly, parallel with Eighty-Ninth street, and partly through another party wall, ninety feet, to the westerly side of West End avenue; and thence southerly, along the same, twenty feet, to the point or place of beginning,—being premises known as 'Number 505 West End Avenue, New York City.' "

Subsequent to this conveyance, the plaintiff and wife conveyed to John L. Brower, by deed dated April 28, 1890, and recorded May 1, 1890, the house and lot of land adjoining the premises conveyed to the defendant on the north, by substantially the same description, except that the place of beginning was at a point on the westerly side of West End avenue 64 feet northerly from the northwesterly corner of West End avenue and Eighty-Ninth street; the boundary line of the plaintiff's property on the south also running through a party wall. The building upon the defendant's property was a four-story and basement dwelling house, 20 feet wide, and was built of brownstone and brick. The front of both houses stands about 5 feet back from the building line. The party wall between these two houses is 12 inches thick, and stands upon the dividing line; being 6 inches upon each of the lots. In front of the defendant's house, and extending to the street, the plaintiff erected a stoop to afford access to the house conveyed to the defendant; 4 inches of the northerly side of

this stoop being upon the portion of the premises which was not conveyed to the defendant, but was reserved by the grantor, and included in the lot subsequently conveyed by the plaintiff to Brower.

We think that the 4 inches in question did not pass under the conveyance to the defendant. The property was described by metes and bounds, being a specific plot of ground, 20 feet in width. The buildings erected upon this specific piece of ground thus conveyed passed to the defendant by the conveyance, and by a subsequent deed the title to this strip of land in controversy passed to Brower. Griffiths v. Morrison, 106 N. Y. 165, 12 N. E. 580. In the case cited, a plot of land was conveyed by a similar description, with the buildings thereon; and Judge Peckham, in delivering the opinion of the court, said, "I think the estate granted was a lot of land twenty-two feet wide, and such building as was on that lot." It seems to us clear, however, that by this conveyance the plaintiff granted to the defendant an easement which would entitle her to use this piece of land for the support of the northerly side of her stoop so long as she desired to maintain such stoop as an appurtenance to her house in the condition that it was in at the time of the conveyance to her. The plaintiff, being the owner of a piece of property, erected upon it two houses, with a party wall between them, half of which was upon each lot. He conveyed one house to the defendant, retaining the ownership of the other house. It is not disputed but that this conveyance would entitle the defendant to an easement for a party wall which would subject the six inches of the land remaining in the possession of the plaintiff, upon which the northerly half of the party wall was erected, to an easement of support for the party wall. There was also the grant of an implied easement to use that portion of the plaintiff's land upon which the stoop was erected, so long as the stoop should be maintained as a means of access to the house. The stoop thus erected at the time of the conveyance to the defendant was an appurtenance to the house conveyed to her, and passed by the conveyance to her from the plaintiff. This implied easement rests upon the principle stated in the case of Lampman v. Milks, 21 N. Y. 505, that, when the owner of land sells a part thereof, he grants by implication to the grantee all those apparent and visible easements which are necessary for the reasonable use of the property granted, and which at the time of the grant are used by the owner of the entirety for the benefit of the part granted. This case was considered in Paine v. Chandler, 134 N. Y. 387, 32 N. E. 18, where the court, discussing the question as to what easement would pass by such a conveyance, held that it extended to such an easement as was reasonably necessary to the enjoyment of the property granted, and that the necessity required is a reasonable, not an absolute, one. In the case now before us, to maintain the structure granted by the plaintiff to the defendant as it existed at the time of the grant, it was necessary that the portion of this stoop resting upon the premises reserved by the plaintiff should be subject to an easement for the support of the northerly wall of the stoop. Four inches of that northerly wall having been erected upon the land reserved by the grantor, the structure as it then existed could not be continued, except by an implied grant of an

easement of support upon the land so reserved. Thus, an easement must of necessity be implied, if the structure as it existed at the time of the conveyance was to remain. I think it could hardly be claimed that, on the day after the conveyance to the defendant, the plaintiff could have entered upon the premises, and torn down the portion of the stoop upon the premises reserved by him. The plaintiff's conveyance to Brower conveyed the fee of this property, subject to this implied easement to support the northerly wall of the stoop so long as it should be necessary for the use of the premises conveyed to the defendant. When the stoop for any reason shall be destroyed, if it appears then the defendant could erect a new stoop on his own property without inconvenience, the easement will, under the principle stated in Buss v. Dyer, 125 Mass. 287, terminate; but, as long as the stoop stands as an appurtenance to the defendant's house, the easement will continue.

The plaintiff, however, insists that, even if an easement exists, he is entitled to a judgment for the possession of the property in question, subject to the easement to maintain this stoop thereon. We are inclined to agree with this contention. The complaint alleges that the property itself is in the possession of the defendant, and that the defendant withholds the possession thereof from the plaintiff. That allegation the defendant admits, and then alleges that by the conveyance to her she became the absolute owner of the fee of this strip of land. That contention, as we have seen, is unfounded; and a judgment entered upon these pleadings, and the direction of a verdict for the defendant, would be an adjudication that the fee of this four inches of land had vested in the defendant. We think, upon this state of the pleadings, that the plaintiff was entitled to a judgment putting him in possession of the strip of land in dispute, subject to the defendant's easement to use it as a support for the stoop as constructed at the time of the conveyance. It is settled that the owner of land subject to an easement may maintain ejectment against one who takes possession, claiming to hold it, and denying the owner's seisin. Jackson v. Hathaway, 15 Johns. 453, was an action in ejectment to recover possession of a strip of land used as a highway. Platt, J., delivering the opinion of the court, says, "The person in whom the fee of the road is may maintain trespass, ejectment, or waste." In Strong v. City of Brooklyn, 68 N. Y. 11, Judge Folger says, "Where there is a right of way in the public, the owner of the fee may maintain ejectment against one who takes possession and claims to hold it, excluding the owner;" and "the owner of the fee of the land over which another private person has a right of way may maintain a writ of entry against the person having such right of way who is occupying the entire possession, and denying defendant's seisin." In Holloway v. Southmayd, 139 N. Y. 411, 34 N. E. 1047, 1052, where the plaintiff owned the fee of a strip of land which was subject to a private easement that the strip perpetually exist as an open way, which would include the free flow of light and air over it, and the free use of the open way as such, it was held that the plaintiff was entitled to maintain an action of ejectment, and to have judgment declaring him entitled to recover the fee of the land in dispute, subject to the defend-

ant's perpetual right to the enjoyment of the easement in and over the land. "At common law the action of ejectment was strictly a possessory remedy, but it has now, by gradual growth, come to be the ordinary method of trying title to lands." 6 Am. & Eng. Enc. Law (1st Ed.) 225. And in this state it has been held from a very early period that the action is intended for the trial of title. Van Alen v. Rogers, 1 Johns. Cas. 283. The issue in this case presented by the pleadings is as to the title of the plaintiff to the strip of land in controversy. The title is in the plaintiff, subject to an easement which is appurtenant to the defendant's property. The effect of the entry of judgment upon the verdict in favor of the defendant would be, as to the issues presented, necessarily to adjudge that the defendant is the owner of the property in fee, when in fact the plaintiff is the owner of the fee, subject to an easement appurtenant to the adjoining property owned by the defendant. As we have seen, the owner of land subject to a private easement is entitled to maintain an action of ejectment to recover possession of that land subject to the easement, as against the person entitled to the easement, and who is in possession of the whole property under claim of title. Such a judgment in this case would serve to protect the rights of both the defendant and the plaintiff, and we think that it was error for the court below to direct a verdict for the defendant, as the plaintiff was entitled to a judgment awarding him possession of the land, subject to the easement.

It follows that the exceptions must be sustained, and the motion for a new trial granted, with costs to the plaintiff to abide event. All concur.