1. RAILROAD—CONVEYANCES—DESCRIPTION OF PROPERTY.

Where a railroad company conveyed a house and lot, describing the southern boundary of the lot as "25 feet northerly from the center line of the grantor's railway as then constructed," and the road consisted of double main-line tracks and several switches running parallel, and 25 feet from the center of all the tracks would bring the granted premises upon the main-line tracks, and 25 feet from the center of the main-line tracks would not interfere with the use of any track, the "center line" referred to in the conveyance was the center line of the main-line tracks.

2. RAILROADS—CONVEYANCE—EASEMENT—APPURTENANCES.

Where a railroad conveyed a house and part of its land, and an outhouse of a substantial character, which, at the time of the conveyance, was situated partly on the land conveyed and partly on the railroad's remaining land, the grantee was entitled to an easement over the company's land, so occupied by the outhouse for its maintenance, as appurtenant to the property conveyed.

Ejectment by the New York Central & Hudson River Railroad Company against Michael Needham and others. Judgment for plaintiff.

L. L. Waters, for plaintiff.
Homer Weston, for defendants.

HISCOCK, J. Plaintiff claims that certain additions to defendants' house proper encroach a few feet upon its lands near Lodi street, in the city of Syracuse. Defendants deny this, and further assert that, even if they do extend beyond the stated boundaries of their lot, they rightfully so extend by virtue of an easement. The controversy between the parties centering around the two questions thus raised involves the consideration rather of questions of law than of conflicting evidence.

The West Shore Railroad Company was the common source of title to both parties. In 1883 it first conveyed to defendants' grantor the lands now claimed by them. The southern boundary line of said premises is the northerly line of those subsequently leased to, and now possessed by, plaintiff. Under the conveyances to defendants and their grantor, this southerly line of their premises was to be "twenty-five feet northerly from the center line of the New York, West Shore & Buffalo Railway, as said railway is now constructed," and to run parallel with such center line. The dispute at this point, and involving the first of the two questions above stated, is over the location of this "center line" of the West Shore Railroad. If located as it is claimed by plaintiff it should be, defendants' buildings concededly project several feet upon plaintiff's premises; if located as demanded by defendants, it would clear their buildings.

At the time the conveyances making defendants' title were executed, and the descriptive phrase in question used, the trackage property of the West Shore Company adjacent to the premises now owned by defendants consisted, first, proceeding in a southerly direction, of its two through tracks, and beyond these of several switch or yard tracks, covering quite a large area. Plaintiff says that by the "center line" referred to in the deeds is meant the line midway between the two through tracks, while defendants claim it should be located on what would be the middle line of all the tracks. I think the contention of the plaintiff is the more reasonable one. The through tracks were a permanent structure, and would make a well-defined monument; whereas, a center line made up by taking into account all of the yard tracks was more uncertain, and liable to shift at any time by the laying of a new track. Locating the boundary line 25 feet northerly from the center of the through tracks left plenty of room for the operation of the road. On the other hand, starting from the center line of all the tracks as they were then laid would have brought such boundary line upon the through tracks, and deprived the grantor of the use of one or both of them. Those tracks then laid there were in daily use and operation as the most important part of grantor's railway, and I do not believe the grantee expected for a moment that in buying a house and lot for $950 he was securing a boundary line which took in part of his grantor's main tracks. No other possible location of this "center line" is suggested than the two above mentioned, and as between those the one urged by plaintiff should prevail.

Under this holding, defendants' buildings project beyond their boundary line. There was a dwelling house upon the premises. Attached to it at the time of conveyance by the West Shore Company, upon the southerly side in question, was a shed or building used for an outhouse, and which constitutes one of the projections complained of. Since the said conveyance of the premises, defendants or their immediate grantors have added on a coal box or bin, which also projects. My views already expressed, without question or the necessity of further discussion, lead to the conclusion that plaintiff is entitled to ejectment as against this latter erection. The defendants practically do not dispute it. So far as the other one is concerned, however, the defendants urge that, having been there at the time the railroad company made its conveyance of the premises, its grantees obtained an easement for its continuance against it and plaintiff as its subsequent grantee. In this contention I think defendants are right. This structure, while of a poor construction, was of a substantial character, probably in keeping with the rest of the building, was perfectly well defined and inclosed, and securely attached to, and made a part of, the main building, and its use was reasonably necessary to the enjoyment of the premises granted. I think it was an appurtenance to the house, and that an easement was acquired for its continuance as long as the present erection stands. Wilson v. Wightman, 36 App. Div. 41, 55 N. Y. Supp. 806. If, for any reason, the structure in question should be destroyed, and it should then appear that defendants

·could erect a new one·in its place on their own property without in-
·convenience, this easement .would cease. Wilson v. Wightman, 36
App. Div. 45, 55 N. Y. Supp. 806.

Notwithstanding their easement, plaintiff insists that it is entitled
to ejectment, and recovery of the possession of its land subject
thereto. This claim presents substantially the same considerations
as were before the court in the case last cited, and which, in its rea-
soning and conclusions, sustains plaintiff's claim in this respect.
Findings and judgment are therefore directed, awarding to plaintiff,
with costs, unconditional recovery of so much of the premises de-
scribed in its complaint as were covered by the coal box, and of
the balance subject to defendants' easement, as hereinbefore defined.

Judgment for plaintiff, with costs.