(39 Misc. Rep. 285.)

## LE ROY v. CHESEBROUGH.

(Supreme Court, Special Term, New York County. November, 1902.)

1. INJUNCTION—PENDENTE LITE.

On an application for a temporary injunction, where it depends on the nature of the action, the issues of the motion are limited to those raised by the complaint, its supporting affidavits, and the answering affidavits, as provided by Code Civ. Proc. § 603.

2. SAME—COMPLAINT AND AFFIDAVIT.

Where a complaint alleges that defendant, an adjoining proprietor, is cutting away the stoop of plaintiff's building, plaintiff cannot, on the return of an order to show cause why a temporary injunction should not be granted, set up a new grievance, when defeated on the one originally alleged, by claiming that such act of defendant is a destruction of an easement which plaintiff's stoop has over defendant's lot.

Action by Edward A. Le Roy against Robert A. Chesebrough. Motion for injunction pendente lite denied.

Holt & Gaillard, for plaintiff.
Edward H. Childs, for defendant.

SCOTT, J. This is an action for an injunction to prevent the cutting away of a part of plaintiff's front steps, and the present motion is for an injunction pendente lite. There is thus presented a case under section 603 of the Code of Civil Procedure, wherein the right to an injunction depends upon the nature of the action. The plaintiff's right to a continuance of the present injunction must rest, therefore, upon his complaint and the affidavits upon which the order to show cause was granted. The complaint alleges that the defendant wrongfully "entered into and upon plaintiff's premises, and then and there mutilated and destroyed the stone steps leading from the front door of the plaintiff's premises to the street by cutting off a portion of said steps, thereby grievously damaging plaintiff's said premises; that the defendant threatens to continue his said trespass upon plaintiff's premises." This complaint and the affidavit accompanying the order to show cause indicate very clearly that the action is brought to restrain an actual trespass upon plaintiff's freehold. The defendant answers the motion by showing the following facts: The parties own adjoining houses, that of the plaintiff lying to the east of that of defendant. The westerly stoop line of plaintiff's house projects from 5 to 5½ inches over the defendant's property, and the newel post at the bottom of the stoop projects some 16 inches. The defendant, being about to alter his house and bring the easterly wall thereof out nearer the building line, found that he could not do so without cutting away the overhanging or encroaching portion of plaintiff's steps, and, with plaintiff's passive acquiescence, if not actual consent, he proceeded to so cut away the steps. Subsequently, and after some of the cutting had been done, a quarrel arose between the parties, not over the cutting of the stoop, but over the location of a window in the rear of defendant's house. Plaintiff then revoked any permission he had given for the cutting away of his steps, and obtained this injunction to restrain the further cutting,

and to compel the restoration of what had already been cut. The plaintiff was given an opportunity to reply to defendant's affidavits, and has done so, and does not deny that his stoop and newel post encroach on defendant's property, and gives but a qualified denial to defendant's assertions as to the consent to cut. Upon the facts as submitted, it is evident that the plaintiff cannot obtain an injunction in this action as his complaint now stands. He alleges a trespass upon his land, but the uncontradicted proof is that all the defendant is doing is to remove an obstruction or encroachment upon his own land. In his replying affidavit the plaintiff has not contented himself with meeting the allegations of defendant's answering affidavits, but has stated certain facts, not referred to in his complaint or moving affidavits, by which he claims he has gained an easement over defendant's land, resting his contention in this regard upon Lampman v. Milks, 21 N. Y. 505, and the long line of authorities which have followed that case. The new matter included in this replying affidavit I cannot consider upon this motion. The plaintiff's case for a temporary injunction must stand or fall upon the claim made by his complaint and moving affidavit, which alone the defendant was called upon to answer. The fact upon which plaintiff now relies to sustain the injunction is that his house was built in 1861 by one Sayers, who owned at that time the property now owned by defendant, and that Sayers first sold plaintiff's house in the same condition that it now is relatively to the property at present owned by defendant. Hence, as is contended, the plaintiff's property acquired an easement for the encroachment of the stoop over the adjoining property. This is entirely a new statement of facts, of which no hint or suggestion is contained in the complaint or moving papers, and which the defendant was not, therefore, called upon to answer, and has not answered. Where, as in the present case, the right to an injunction pendente lite depends upon the nature of the action, the complaint must allege a state of facts, which, if true, constitute a cause of action for an injunction, and the affidavit upon which the injunction is applied for must state the evidentiary facts going to sustain the complaint, so that the court may see that the facts stated in the complaint are probably true. The defendant, in answering the motion, may deny or explain any facts alleged by the plaintiff, or· may set forth a new state of facts constituting a defense. If the plaintiff files replying affidavits, he is strictly limited to the issues raised by the moving and answering affidavits. He cannot undertake to sustain his motion for an injunction by stating a different state of facts from those embraced in his moving papers. In the present case the plaintiff, by his complaint and moving affidavits, clearly proceeds upon the theory that defendant is actually encroaching upon his freehold. There is no suggestion that his grievance is that defendant is proceeding to destroy an easement. The present motion must, therefore, fail, although upon the new state of facts attempted to be set up by plaintiff, if made the foundation for an action and motion, and if not successfully met by defendant, he might possibly succeed. Wilson v. Wightman, 36

App. Div. 41, 55 N. Y. Supp. 806. For the reasons stated, the pres-
ent motion will be denied, with $10 costs, without prejudice, how-
ever, to such further action as the plaintiff may be disposed to take.

Motion denied, with $10 costs.