HENRY R. HORNE and Another, Plaintiffs, *v.* HEMPSTEAD AND OYSTER BAY WATER COMPANY, Defendant.

Supreme Court, Nassau County, December 1, 1931.

*James A. Warner* [*Edward Marks* of counsel], for the plaintiffs.

*Blake & Vorhees* [*Edward I. Devlin, Jr.,* and *H. H. Robinson* of counsel], for the defendant.

DIKE, J. At the close of the plaintiffs' case the defendant moved to dismiss the complaint on the ground that the complaint itself does not state facts sufficient to constitute a cause of action, and, furthermore, on the ground that the plaintiffs failed to prove a cause of action against the defendant.

The point urged was that, under the evidence submitted to the court, plaintiffs had neither alleged nor proved that they were the assignees of one George M. Hewlett and his wife, in so far as it affected the right of way over the property of this defendant. The point involves a certain right of way claimed by the plaintiffs. Without tracing the title in detail, it appears that on May 1, 1925, George M. Hewlett and his wife conveyed the remainder of a certain tract of land to Thelsa Corporation, a New York corporation, and the deed contains at the conclusion the following: " Together with the appurtenances and all the estate and rights of the parties of the first part, in and to said premises." The crux of the question concentrates upon the word " *appurtenances.*"

The plaintiffs herein became possessed of eight lots, being a part of the plotted area conveyed as above to the Thelsa Corpora-

tion. The deed evidencing this transfer made no mention of the supposed right of way over the property of the defendant, which is in litigation here. The defendant asserts that the right of way passed to the plaintiffs as an *appurtenance*, and the issue is thereby raised upon that narrow point. The plaintiffs urge a New Jersey report case (*Toothe* v. *Bryce*, 50 N. J. Eq. 589), which opinion discusses the question of *necessity* in connection with the use of the word " appurtenance " in a deed.

Other cases are urged by the defense in support of their contention, such as *Simmons* v. *Cloonan* (81 N. Y. 557); *Lord* v. *Atkins* (138 id. 184); *Reis* v. *City of New York* (188 id. 58).

In January, 1929, the defendant erected a fence entirely around its property, thus preventing the plaintiffs from going through the defendant's property from north to south, and thus preventing the use of a part of Jefferson street situated south of defendant's property, and which, plaintiffs urge, gives a means of access to Smith street, and thus to the railroad station which, it is claimed by the plaintiffs, they are prevented from reaching in the shortest possible distance.

The defendant replies that the fencing of its property requires only that the plaintiffs have to go 400 feet further, in order to reach the railroad station, and that they are incommoded only to that extent.

What are the rights, therefore, of the plaintiffs under their deed? Is the right of way, claimed to have been possessed by these plaintiffs, necessary to their enjoyment of the land that they bought? It seems clear from the proof before me that plaintiffs' land was not appurtenant to such land and did not pass to the plaintiffs by the use of the words " together with appurtenances." A right of way is a very serious element in matters of real estate transfers. The transfer of what may prove to be an exceedingly valuable possession cannot be casually made. It must be accurate, specific and unequivocal. Any interest in a right of way such as this must be by a specific grant of such right of way.

The authorities, therefore, that appeal to me discuss this dominant question of " appurtenances." In *Woodhull* v. *Rosenthal* (61 N. Y. 382) the court defines it as follows: "A thing ' appurtenant ' is defined to be a thing used with and related to or dependent upon another thing *more worthy*, and agreeing, in its nature and quality, with the thing whereunto it is appendant or ' appurtenant.' It results from this definition that land can never be appurtenant to other land, or pass with it as belonging to it. * * * Even an easement will not pass unless it is necessary to the enjoyment of the thing granted."

*Ogden* v. *Jennings* (62 N. Y. 526): " Easements exist as appurtenant to a grant of lands, and as arising by implication, only by reason of a necessity to the full enjoyment of the property granted. Nothing passes by implication, or as incident or appurtenant to the lands granted, except such rights, privileges and easements as are directly necessary to the proper enjoyment of the granted estate."

In *Root* v. *Wadhams* (107 N. Y. 384), where it was shown that the plaintiff had other means of securing relief, the court said, in defining the word " appurtenance," as follows (at p. 394): " We think no such right passed by the several conveyances to plaintiff and her grantors, which simply conveyed the land by metes and bounds ' with the appurtenances thereunto belonging.' Nothing passes by the word appurtenance except such incorporeal easements or rights or privileges as are strictly necessary and essential to the proper enjoyment of the estate granted. A mere convenience is not sufficient to thus create such a right or easement." (Citing some of the cases already referred to.)

And in *Griffiths* v. *Morrison* (106 N. Y. 165) we again obtain further light upon the question of " appurtenances " (at p. 170): " By the word ' appurtenances ' incorporeal easements or rights or privileges will alone pass, and of these only such as are necessary to the proper enjoyment of the estate granted." (*Gale* v. *Heckman*, 16 Misc. 376; *Whyte* v. *Builders' League of N. Y.*, 23 id. 385.)

In *Newport Illuminating Company* v. *Assessors, etc., of City of Newport* (19 R. I. 632) the definition of " appurtenances " is adopted.

I must, therefore, conclude that the contention of the defendant is sustained by the great weight of authorities, that the right of way, if it existed at all, was not necessary to the use of the plaintiffs' land. It was, of course, obviously a convenience, but a convenience is not sufficient only to invest the word " appurtenances " with the power to convey the important feature like a right of way.

I, therefore, direct that the defendant's motion to dismiss the complaint for failure to state or prove a cause of action should be granted, and that the said complaint should be dismissed upon the merits.