HENRIETTA DAVIS, Plaintiff, *v.* HELENA GAROFALO, Defendant.

Supreme Court, Schenectady County, May 22, 1943.

*Morris Marshall Cohn* for defendant.

*Clarence E. Wills* for plaintiff.

IMRIE, J.  Plaintiff has foreclosed a mortgage on property of the defendant.  The original mortgage, with its bond, was made by defendant's father and grantor to plaintiff's mother and testatrix.  Mortgagor owned adjoining lots in " Columbus Park " in Schenectady, Nos. 133 and 134, each thirty-one feet in width.  The mortgage covered a parcel forty-six and one-half feet wide, being lot 133 and the northerly half of lot 134.  Apparently, about the time the mortgage was given, the mortgagor constructed a dwelling house on lot 134, having approximately six and one-half feet on the northerly half of that lot; thus, a portion of the dwelling is upon and within the boundaries of the mortgaged parcel.

Defendant did not defend the foreclosure action; on the sale therein the mortgaged premises were sold to plaintiff who has received the referee's deed conveying the premises described in the mortgage.  Defendant is still the owner of the southerly half of lot 134 and lives in said dwelling house.  On her refusal to deliver possession of the house to the plaintiff, an order has been made directing the sheriff to eject her therefrom.  Defendant now seeks an order restraining the sheriff from interfering with her possession of so much of the dwelling house as is located on the southerly half of lot 134.

As the result of the foreclosure of her mortgage and the sale thereunder, plaintiff has title to lot 133 and the northerly half of lot 134, with a front and rear measurement of forty-six and one-half feet from the southerly line of lot 132 " with the buildings thereon."  Her title does not extend southerly of the middle line of lot 134 and cannot include such portion of the dwelling as is on the southerly part of that lot.  The mortgage, and, of course, the deed in foreclosure, conveyed only so much of the building as was on the land described and without any easement

appurtenant thereto of a right to retain possession of so much of the land as was covered by the balance of the dwelling house. (*Griffiths* v. *Morrison,* 106 N. Y. 165; *Whyte* v. *Builders' League of New York,* 164 N. Y. 429; *Wilson* v. *Wightman,* 36 App. Div. 41; *Ogden* v. *Jennings,* 62 N. Y. 526.)

Plaintiff contends that it is obvious that a mistake was made in the description in the mortgage; that the surrounding facts, including the amount of the mortgage indebtedness, clearly indicate that the mortgagor intended to convey and the mortgagee to receive more than the vacant lot as security; that they must have understood that the whole of the dwelling house was within the parcel of land described in the mortgage. That may very well be so. However, a motion of this sort cannot be the means of remedying such an error in description.

In the *Griffiths* case (106 N. Y. 165, *supra*), plaintiff, the owner of two adjoining lots, conveyed one of them to defendant's grantor; a house on the rear of the lot so conveyed extended a few feet on the lot retained by plaintiff. Defendant claimed an easement in so much of plaintiff's land as was covered by the building for the maintenance of the structure. Plaintiff had judgment for ejectment as to the five feet in question.

If, as appears probable, the property actually acquired by the plaintiff is worth considerably less than the amount of the mortgage debt, the transaction represents a loss, to that extent, to the plaintiff. Even though the foreclosure proceeding has been concluded, equity, having acquired jurisdiction, unquestionably gives her an opportunity for her day in court to demonstrate, if possible, that a mutual mistake was made in the description of the mortgaged premises.

Defendant may have the relief sought for, without costs, and without prejudice to the plaintiff in such future proceeding as she may be advised to take to correct the supposed error.