[No. 4511.    Decided November 10, 1903.]

ROBERT KRUEGEL, *Appellant*, v. JUDSON· KITCHEN *et al.,* *Respondents.*[1]

CONTRACTS—ABROGATING BY NEW AGREEMENT—BURDEN OF PROOF —DAMAGES.    While the burden is upon the defendants to show a new agreement abrogating a contract for the purchase of brick of certain quality at a specified price, whereby an inferior quality at a fair price was substituted, the difference in price need not be shown with absolute precision, nor would the damages be restricted to the increased cost of laying the inferior brick, since compensation is the fundamental principle of damages.

[1]Reported in 74 Pac. 373.

Costs—Tender—Paying out of Deposit in Court. In an action to foreclose a lien, where the defendants' tender has been paid into court, it is discretionary, in giving judgment against the plaintiff for costs, to order the same paid out of the deposit in court.

Appeal from a judgment of the superior court for Whitman county, Chadwick, J., entered May 24, 1902, upon findings in favor of the defendants, after a trial on the merits before the court without a jury.    Affirmed.

*Harvey & Welty* and *Thomas Neill*, for appellant.

*John W. Mathews*, for respondents.

Per Curiam.—This was an action instituted in the superior court in the county of Whitman by appellant, Robert Kruegel, against Judson Kitchen, H. B. Treff, Pullman State Bank, a corporation, and the Equitable Savings & Loan Association, respondents, to enforce a lien for material (brick) furnished by him in the construction of a certain one-story brick building situated on a part of lot one, block fourteen, in the town of Pullman, in Whitman county, of which respondent the Pullman State Bank was the owner and reputed owner.    Appellant alleges there was due $1,035.30, the value of the brick, less $592.50 theretofore paid, leaving a balance of $442.80, which he claimed with interest together with attorney's fees and costs of suit.

The answer of respondents contains denials of the material allegations of the complaint, and affirmative matter alleging a subsequent modification of the contract sued on.    It admits an indebtedness of $194, and alleges a tender before the filing of the lien and commencement of the suit, which was kept good by bringing the same into court.    The reply makes certain denials and admissions, and alleges a refusal to accept the tender.    On May 24th,

1902, the cause came on for trial, at the conclusion of which the court found for the respondents on all of the issues, directing that the costs $64.70 be taxed against appellant, and ordering the same paid out of the amount deposited in the registry of the court. Appellant excepted to certain of the findings of fact and all the conclusions of law made by the court, and also to the refusal to make certain other findings and conclusions of law as requested by him, and prosecutes his appeal to this court.

Appellant makes eight assignments of error, principally directed towards the findings of fact made by the court and the refusals to find as requested by him. The trial court found on the main issues as follows:

"(3) That in the month of August, 1901, the defendant Judson Kitchen entered into a verbal agreement with the plaintiff, whereby the plaintiff was to furnish and to deliver to the defendant Judson Kitchen, in the city of Pullman, said county of Whitman, sufficient good bricks with which to construct that certain one-story brick building now situated upon lot one, block fourteen (except that portion thereof in the southwest corner, which is 25 by 100 feet, and is occupied by the Pullman State Bank building), in the Town of Pullman, Whitman Co., State of Washington, and the bricks when delivered were to be good bricks, and such bricks as would be acceptable to the defendants the Pullman State Bank and H. B. Treff, for the sum of $8.50 per thousand.

"(4) That thereafter, on or about the ———— day of August, 1901, the plaintiff commenced to deliver bricks under and by virtue of the said verbal agreement, and after having delivered about eight or ten thousand, the defendants Judson Kitchen, the Pullman State Bank, and H. B. Treff discovered that the bricks which the plaintiff had delivered were not good bricks, and were not such bricks in quality as the plaintiff had agreed to deliver at $8.50 per thousand, because many of them were absolutely worthless, and at least one-third of them were bats or

parts of bricks; and thereupon the defendants Judson Kitchen and the Pullman State Bank and H. B. Treff then and there informed the plaintiff that they would not accept the bricks which had been delivered, nor any more of the same kind, at the agreed price of $8.50 per thousand. Thereat the plaintiff agreed to deliver the best brick that he had, and to receive and accept as pay therefor the reasonable value thereof, including the bricks which had then been delivered; and in compliance with said second verbal agreement, which said agreement was in abrogation of the first agreement, the plaintiff did thereafter deliver 121,000 bricks (including a portion of those which had been delivered under the first agreement), of which 121,000 bricks so delivered by the plaintiff one-third thereof were bats and pieces of bricks.

"(5) That said one hundred twenty-one thousand bricks (including bats and pieces of bricks) were of the reasonable value of six dollars and fifty cents per thousand, and no more."

The court further found, that the value of the brick delivered by appellant was $786.50, on which there had been made a payment of $592.50; that, before the filing of the alleged lien and the commencement of the action at bar, the sum of $194 was tendered by respondent H. B. Treff, the principal contractor of appellant; and found the appellant's refusal to accept the same, and its deposit in the clerk's office for appellant's benefit.

After carefully reading and considering all the testimony, in connection with the arguments of counsel, we are of the opinion, that the findings of fact as to the material issues tendered are fully sustained by the evidence; that the first contract between appellant and respondent Kitchen, entered into on or about August 6th, 1901, for the sale and delivery of the brick in question, wherein the price was fixed at $8.50 per thousand, was afterwards abrogated; that the 9,000 or 10,000 brick which had already been de-

livered were not of the value and quality originally contracted for; that a second and subsequent contract was entered into between the parties fixing the price of the brick to be thereafter furnished, including those already delivered, at their reasonable value, and that this was an abrogation of the first agreement and the substitution of a new one in its stead; that the testimony warranted the court in fixing such value at $6.50 per thousand, which is consistent with the other findings of fact and the conclusions of law made and stated by the superior court.

We agree with appellant's contention that the burden of establishing the affirmative defense with regard to the new agreement was with respondents, but we cannot hold that they failed in that regard without manifestly disregarding the weight of the evidence. The brick contained so many bats, and were so different in kind and quality from marketable material generally used in the construction of a substantial building, that it is not a fair estimate of their value to consider alone the difference in cost of laying them. Nor were the respondents required to show, with absolute precision, the value of the brick delivered at the town of Pullman at the times alleged. Compensation is the fundamental principle of the law of damages, not necessarily to be shown with precision and accuracy, but approximately; (8 Am. & Eng. Enc. Law [2d ed.], 544, 545; *Whelan v. Lynch,* 60 N. Y. 469, 19 Am. Rep. 202; *Muser v. Magone,* 155 U. S. 240, 249, 15 Sup. Ct. 77, 39 L. Ed. 135;) and from the evidence it appears that the superior court made a fair and proper finding as to the compensation appellant should receive for the brick delivered.

The respondent Equitable Savings & Loan Association is not an active participant in this controversy, simply holding a mortgage or lien on the property.

Appellant further contends that the court erred in ordering respondents' costs and disbursements paid out of the deposit made in the clerk's office. The trial court had jurisdiction over the subject-matter and parties to the action, which included the funds on deposit. In the absence of any positive rule of law, we see no just reason why a court may not exercise its discretion in a matter of this kind. Appellant furnishes us with no authority in conflict with this conclusion, and we are aware of none; therefore we regard such contention untenable.

No reversible error appearing in the record, the judgment of the superior court should be affirmed, and it is so ordered.