[No. 31435.   Department Two.   March 30, 1951.]

CALIFORNIA EASTERN AIRWAYS, INC., *Respondent,* v. ALASKA AIRLINES, INC., *Appellant.*[1]

*Allen, Hilen, Froude & DeGarmo,* for appellant.

*Riddell, Riddell, Williams & Madden,* for respondent.

MALLERY, J.—On July 29, 1948, the plaintiff leased an airplane to the defendant for a term of two weeks, ending August 12, 1948. The section of the lease now in dispute reads as follows:

"3. The *Lessee agrees to pay the rental rate of one dollar ($1.00) per air mile for a minimum of seven (7) hours flight time per day (midnight to midnight)* during the term of this lease, and any extensions thereof, *whether the said plane is operated or not;* provided, however, that the Lessee shall not be obliged to make such payments for any day when the plane is unavailable for more than twelve (12) hours because of crew or mechanical or weather conditions. For the purpose of this agreement, one (1) hour of flight time shall be equivalent to two hundred (200) air miles." (Italics ours.)

[1]Reported in 229 P. (2d) 540.

The defendant, in order to use the airplane for passenger service, installed its own flooring and seats. On August 8, 1948, the defendant returned the airplane to the plaintiff, sending a mechanic along to remove the seats. The plaintiff, contending that a balance was due and owing on the lease, refused to release them. The defendant ultimately reclaimed them on or about December 10, 1948, in the United States district court for the district of Delaware, which had jurisdiction over the plaintiff in bankruptcy.

Plaintiff brought this action for the balance owing on the lease, and defendant counterclaimed for damages alleged to have been sustained by way of profits lost while the seats were withheld. The trial court found for the plaintiff, allowing a credit for the amount expended by the defendant in regaining the seats, plus one dollar for nominal damages. Defendant appeals, assigning as errors the court's interpretation of the lease and its holding that the only damages proven on defendant's cross-complaint were nominal.

The appellant contends that the lease provision quoted above is ambiguous, and, therefore, it should have been construed against the respondent who drew it, and that a correct interpretation would have permitted undertime flight on any one day to cancel the overtime flight on another day, so as to fix the amount of rental owed at the sum obtained by multiplying the number of days called for under the lease by seven hours flight time per day by the agreed rate per day, unless, of course, the total hours of flight had exceeded the number of days times seven.

The trial court found that the lease was unambiguous; that each day's rental was independent of every other day; and that the provision in controversy would not bear the interpretation contended for by the appellant. We agree with this holding of the trial court. Rules of construction do not apply to an unambiguous contract. See *Peabody v. Star Sand Co.*, 186 Wash. 91, 56 P. (2d) 1018.

As to appellant's contention on its counterclaim for the amount of profit it lost, because of the withholding of the airplane seats by respondent, the court held that it had suf-

fered substantial damage, but that it had failed to prove the loss of profits with sufficient definiteness to remove the amount thereof from the realm of speculation.

■ It is not necessary that lost profits be susceptible of exact calculation. It is sufficient if there be data from which the profits can be ascertained with a reasonable degree of certainty and exactness. *Kruegel v. Kitchen,* 33 Wash. 214, 74 Pac. 373; 15 Am. Jur., Damages, 558, § 150; 25 C. J. S., Damages, 516, § 42 (a). Thus, it was incumbent upon appellant to prove, preferably by the records of the company, but in any event by competent evidence, and with sufficient certainty to remove it from the realm of speculation, that there were passengers whom it could and would have transported but for want of the seats withheld by respondent, upon which transportation appellant would have made a profit. See *Pappas v. Zerwoodis,* 21 Wn. (2d) 725, 153 P. (2d) 170, as to the burden in proving lost profits.

■ Mr. White, who was acting assistant operations manager for the appellant during the period the seats were withheld, produced the only evidence introduced by appellant on this matter. This consisted of a list he had compiled of the trips made by one of appellant's DC-4 type airplanes, and the passengers carried on each trip, from September 1, 1948, to and including December 10, 1948. The most that his compilation showed was the profit to be made out of transporting passengers. This was based on the number of passengers actually transported. It wholly failed to show the number of passenger fares appellant lost for want of the seats in question. Loss of profits, in this case, must be based on loss of business. Appellant, in not showing any such loss, failed in its proof of damages.

The judgment is affirmed.

SCHWELLENBACH, C. J., ROBINSON, GRADY, and HAMLEY, JJ., concur.

---

June 26, 1951. Petition for rehearing denied.