## WARD & CO. v. ROBERTSON.

Landlord and Tenant: ACCESS TO LEASED PREMISES. The lessee of one portion of a double business house cannot claim a right of access thereto through the other portion,—though such access is granted by the lessor for a time as a matter of accommodation,— where there are other means of access to the leased portion, and no provision for such right is made in the written lease. If such right of access were shown to be necessary to the proper use and enjoyment of the leased portion, the case might be different.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, FEBRUARY 5, 1889.

77 159
103 633
77 159
115 266
77 159
117 787

THIS is an action in equity to cancel a lease of certain premises. There was a hearing upon the merits, and the petition was dismissed. Plaintiffs appeal.

*Cole, McVey & Clark*, for appellants.

*Baylies & Baylies*, for appellee.

ROTHROCK, J.—The defendant is the owner of a block of buildings in the city of Des Moines, which is adapted to and used for business purposes. The main story consists of two rooms, which front east on Fifth street. The south side of the block is bounded by the line of Vine street. There is an arched driveway running north and south through the block, not far from its center. The tracks of the Rock Island Railroad run along Vine street, and there is an opening or doorway in the south side of the block, through which freight can be moved from cars into the building. In 1882 the plaintiffs were engaged in business as wholesale druggists, and also handled glass, oils and other heavy goods. They entered into a lease with defendant for the north part of his block, in which to carry on their business. The lease was for five years from January 1, 1883, at a rental of two hundred and twenty-five dollars per month. The plaintiffs occupied the building, and carried on their business therein until June, 1886, when they ceased its use, and sublet it to another party. While it was occupied by the plaintiffs they frequently unloaded car-loads of their freight by moving it through the door on the south side of the south room, and across the room, and through a door on the opposite side of the room, and then across the driveway, and through a door into the part of the building used by the plaintiffs. When this was done, the doors in the south room occupied by defendant were, upon the request of plaintiffs, opened to permit the freight to be unloaded in the manner above described. This was not uniformly done. At times the south room occupied by the defendant was so used in storing goods and freight

that cars could not be unloaded through his room. The defendant leased the south room to other parties before the plaintiffs sublet their room to the glass company. The glass company made application to unload goods through the south room, which was refused. This action is to cancel the lease, upon the ground that the right to move freight through the south room was a material inducement and consideration in the contract of lease; and it is claimed by the plaintiffs that, because of the refusal to open the doors in the south room to permit freight to be moved across it, the lease should be canceled.

The lease was in writing. It sets out quite fully what was to be done by the defendant in order to prepare the building for convenient use by the plaintiffs in carrying on their business. No mention is made, however, of any right of way across the south room; and it is not claimed in the petition that any mistake was made in drafting the contract. On the other hand, it appears quite satisfactorily that there was no mistake, mutual or otherwise. The writing was read over by the parties who executed it, and its contents were fully understood. There is neither allegation nor evidence of fraud, accident or mistake in the execution of the lease. There was therefore no ground for a reformation of the contract. It must be held that the contract of the parties is expressed in the writing. If there was a right of way through the south room of the building which was an easement appurtenant to the use of the north part, the action could be maintained; but, in the absence of contract, such right must be shown to be necessary to the proper use and enjoyment of the leased property. If one person convey real estate to another, which is entirely surrounded by the lands of the grantor, the grantee has the right of ingress and egress to and from the land granted; and in this case, if the doors through the south room were the only means of access to that part of the building leased to the plaintiffs, the right of way contended for would be necessarily appurtenant to the

leased premises. But the evidence shows that the unloading of freight by moving it across the south room was a mere convenience to the plaintiffs; and if the right is absolute, as claimed by the plaintiffs, it would very seriously impair the rental value of the south room. We think it cannot justly be claimed that, under the written contract which the parties deliberately made and executed, there was a right to use the south room as appurtenant to the leased premises for the purposes demanded by plaintiffs.

AFFIRMED.