(16 Misc. Rep. 376.)

## GALE v. HECKMAN.

(Supreme Court, Appellate Term. First Department. March 23, 1896.)

LANDLORD AND TENANT—APPURTENANCES.

    A restaurant conducted by the lessor of an apartment in the same building is not such an incidental and indispensable appurtenance to the leased premises that its mismanagement or removal would constitute an infraction of the lease, the instrument itself being silent in regard thereto.

Appeal from district court.

Action by Thomas B. Gale against Charles Heckman to recover rent for an apartment leased by plaintiff to defendant. There was a judgment for defendant, and plaintiff appealed. Reversed.

Argued before McADAM and BISCHOFF, JJ.

Holm & Smith, for appellant.

Howe & Hummel, for respondent.

BISCHOFF, J. To an action for rent upon an instrument in writing whereby the plaintiff had let to the defendant "the apartment designated as 'Number 29,' containing five rooms and bath, in the second story of the building known as 'The Hotel San Remo,'" for one year from October 1, 1894, at $1,200, payable, in equal monthly installments, on the 1st day of each month during the term, the defendant pleaded eviction. The parties had bound themselves, the lessor to supply "heat, light, and chamber service" for the demised apartment, and the lessee to use such apartment as a private dwelling only, and not to "permit cooking to be done upon the premises." At the time when the lease was made the lessor carried on a restaurant in the same building with the demised apartment, but the instrument was silent with regard to such restaurant. Some time before the accrual of the May, 1895, rent, the lessee vacated the apartment; and to the lessor's demand for such rent, after it had accrued pursuant to the provisions of the lease, he interposed that the lessor had persistently refused to supply "heat, light, and chamber service" sufficient for the comfortable use of the demised apartment, and also that the restaurant had been permitted to deteriorate, as well in its appointment as in its management and purveyance.

Upon the trial below the defendant was permitted, against the objection of the plaintiff's counsel, to introduce testimony offered to show the existence of the restaurant, and that it had deteriorated as above mentioned, and the exception taken to this ruling presents error for which the judgment for the defendant must be reversed. Parol evidence is incompetent to enlarge the effect of a written instrument. Mott v. Palmer, 1 N. Y. 564, 574; Green v.

Collins, 86 N. Y. 246, 254. In support of the ruling the defendant's counsel assumes to rely upon Ryan v. Jones, 2 Misc. Rep. 651, 20 N. Y. Supp. 842. That case is, however, readily distinguishable from the one at bar. It there appeared that the lease was of an apartment dwelling, which, with several others, was situated in the lessor's building, and that the building was so constructed that the several apartments were capable of comfortable inhabitation during the cold season only when supplied with heat distributed from an apparatus which was situated in a part of the building of which the lessor retained the exclusive control. Obviously, therefore, the supply of heat from the apparatus was an appurtenance to the several apartments, and the duty of the lessor to supply it an integral part of his covenant for the lessee's quiet enjoyment. Hence it was held that the lessor's refusal to supply adequate heat during the cold season would, if such refusal had been persisted in at the time of the lessee's abandonment of the demised apartment, have been a sufficient ground for claiming an eviction. Tallman v. Murphy, 120 N. Y. 345, 352, 24 N. E. 716. We may assume, in the case at bar, that the defendant was induced to enter into the lease of the apartment because of the propinquity at the time of the lessor's restaurant. Nevertheless, the use of the restaurant by the lessee, at his option, was, though perhaps a convenience, in no sense an appurtenance to the apartment. The very fact that such use was optional with the lessee demonstrates it as a convenience only. Let us suppose that the restaurant was in an adjoining building, or that, instead of a restaurant, the lessor had conducted a haberdashery or maintained a physician's office in the same building with the demised apartment, would it not be absurd to contend that the lessor must, nolens volens, continue either, because the occupant of an apartment in the last-mentioned building was influenced in his acceptance of a lease of such apartment by the fact that a restaurant approved by the latter, or a well-stocked haberdashery, or the service of a skillful physician, seemed at all times readily accessible to him? Is the propinquity of the restaurant, the haberdashery, or the physician's office anything more than a convenience? True, an appurtenance follows the demise, by implication of law. Huttemeier v. Albro, 18 N. Y. 48; Newman v. Nellis, 97 N. Y. 285; 6 Lawson, Rights, Rem. & Prac. p. 4579, § 2806. But an appurtenance is that only which is incidental or indispensable to the proper use of the premises demised. Ogden v. Jennings, 62 N. Y. 526, 531; Woodhull v. Rosenthal, 61 N. Y. 382, 390; 1 Am. & Eng. Enc. Law, 641. A mere convenience does not create an appurtenance. Griffiths v. Morrison, 106 N. Y. 165, 12 N. E. 580; Root v. Wadhams, 107 N. Y. 384, 14 N. E. 281; Parsons v. Johnson, 68 N. Y. 62. In consonance with the foregoing, it was held in Denison v. Ford, 7 Daly, 384, that the lessor's discontinuance of the use of a building in which he had previously let a market stall for a time unexpired, for the purposes of a public market, worked an eviction of the lessee; and in Lawrence v. Marble Co., 1 Misc. Rep. 105, 20 N. Y. Supp. 698, that the lessor's persistent refusal to maintain an elevator which

was not expressly included in the demise, but incidental to the proper use of the demised loft, in a condition fit for use, had the like effect. Other cases illustrative of appurtenances may be cited, but the above appear to us to be sufficient. It follows that, if the defendant could not be heard to complain had the plaintiff entirely abandoned his restaurant, he could not be so heard because the restaurant had deteriorated. If he wanted board at such restaurant, he should have contracted therefor, as a part of his lease, in which event it might have been claimed with force that the contract was an entire one, the supply of adequate board a constituent part thereof, and the lessor's failure to supply such board a breach of the contract which absolved the defendant from further performance on his part. It is futile to consider whether, or not, the testimony admitted to show the plaintiff's alleged refusal to supply proper "heat, light, and chamber service" was sufficient to justify the conclusion of the trial justice, since the record does not affirm that such conclusion was not wholly or in part based upon the incompetent and irrelevant evidence hereinbefore alluded to.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.