In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   May 22, 1903.)

1. DEDICATION OF STREETS—INTENTION—FILING MAP.
     The owner of land filed in the office of the register of the city of New York a map showing thereon the land laid out into lots and streets, but the map contained a statement to the effect that the streets were merely for convenience in description, and not with intent to dedicate the same to public use.   Shortly before the filing of the map, the landowner had deeded certain lots, and the deed referred to the map as "to be filed," and recited that the streets shown on the map were for description merely.   Held, that it conclusively appeared that the landowner did not intend to part with the title to the land included within the "streets."

2. SAME—CREATION OF EASEMENT—ADDITION TO GRANT.
     The landowner subsequently filed a statement to the effect that the language used in the deed "was not intended to restrict uninterrupted use of the streets by the grantee," etc., "for the purpose of access and egress to and from any of the lots" designated on the map or mentioned in the deed.   Held, that such statement could not give the grantee easements of light, air, and access over all the streets designated on the map, as the simple declaration of a grantor cannot add to or take from the subject-matter of the grant.

3. SAME—ESTOPPEL.
     The statement, in so far as it was acted on by purchasers of lots or those acquiring an interest therein, inured to their benefit by estoppel in so far as concerned the right of access to and from lots purchased over so much of the land reserved as might be necessary for that purpose.

4. SAME—EASEMENT BY IMPLICATION.
     The grant of an easement by implication does not exist for convenience, but only where there is a necessity for it.

5. SAME—EASEMENT BY IMPLICATION—EVIDENCE.
     Subsequently a fence which had cut off the "street" on which the lots faced from a traveled thoroughfare was moved further back, so as to allow access and egress to and from the traveled thoroughfare and the lots over the "streets" shown on the map.   Held, that the landowner had not created any easement over the streets shown on the map, save such as were necessary for egress and access to and from the lots sold.

6. MUNICIPAL CORPORATIONS—ASSESSMENTS—VALUE OF PROPERTY.
     Greater New York Charter (Laws 1901, p. 411, c. 466) § 980, relative to special assessments, and providing that the commissioners of estimate and assessment shall not assess any land for more than one-half the value thereof, applies where the preliminary report of the commissioners was not filed until after the charter went into effect.

7. SAME—DETERMINATION OF VALUE—REPORT OF COMMISSIONERS.
     Where the report of the commissioners of estimate and assessment does not show that they have determined the value of any lot, and there

---

¶ 4. See Easements, vol. 17, Cent. Dig. § 53.

is nothing to show that the assessment is not in excess of the statutory limit; the report is illegal, and on appeal must be sent back to the commissioners for further consideration.

Van Brunt, P. J., dissenting, and Laughlin, J., dissenting in part.

Appeal from Special Term, New York County.

In the matter of the application of the mayor, aldermen, and commonalty of the city of New York relative to acquiring title to lands necessary for the opening of Robbins avenue. From an order confirming a final report of the commissioners of estimate and assessment the city and certain landowners appeal. Reversed in part.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John P. Dunn, for appellant city of New York.
Barclay E. V. McCarty, for appellant property owners.

McLAUGHLIN, J. On the 24th of November, 1894, proceedings were instituted in the manner provided by law for the purpose of opening Robbins avenue, in the city of New York, and on the 30th of June, 1896, by resolution of the board of street opening, the title to land necessary for the opening of such avenue from the Boulevard to St. Mary's Park was acquired. Commissioners of estimate and assessment were appointed, and, after various hearings had and proceedings taken, a final report was made, which, on the 20th of January, 1902, was confirmed by an order of this court, from which the city and certain landowners have appealed.

The city contends that the commissioners erred in awarding damages to owners of three parcels of land taken, designated in the record as Nos. 6, 7, and 8, in that such awards were based upon the theory that the owners possessed an unincumbered fee therein, and the landowners contend that the order is erroneous, inasmuch as the report of the commissioners imposes upon their land an assessment in excess of that allowed by law. The contention of the city will be first considered. Prior to October 15, 1880, one Lyon acquired title to a tract of land, which included the parcels now in question, and on that day he filed a map in the register's office of the city of New York of a portion thereof, including these parcels, which was laid out into city lots, with certain streets designated thereon, and among them was one called "Robbins Avenue," which corresponds with the Robbins avenue opened by this proceeding. This map, however, contained the following statement written upon its face:

"The streets and avenues designated on this map are shown thereon for convenience in description only, and not with intent to dedicate the same to public use.

"Dated August 27, 1880.                          Samuel E. Lyon."

The tract shown upon this map was laid out in four city blocks, subdivided into lots, bounded by streets, and intersected by two streets, one called "Robbins Avenue" and the other "Mary Street." Three days before the map was filed, Lyon executed to one Heintz a deed of conveyance of the land included within the four blocks,

bounding the same by the streets designated upon the map, which was referred to as one "to be filed." In the deed was inserted the following clause:   °       .

"Streets and avenues shown on said map and mentioned herein being shown thereon and referred to herein for convenience in description only, and not with intent to convey the same, or dedicate the same to public use."

This clause, taken in connection with the statement upon the map and the boundaries of the land conveyed, clearly and conclusively establish that Lyon did not intend to part with the title to the land included within the streets designated upon the map, nor did he in fact convey such land or grant any easements therein. In re Brook Avenue, 40 App. Div. 519, 58 N. Y. Supp. 163. It appears, however, that on the 4th of February, 1882, there was filed in the office of the register a statement signed by Lyon to the effect that the language used in the deed to Heintz with reference to the streets and avenues referred to therein "was not intended to restrict the free and uninterrupted use of said streets and avenues by the said Heintz or his grantees, heirs, executors, administrators, or assigns for the purpose of access and egress to and from any of said building lots designated on said map or mentioned in said deed, but the said John George Heintz, his grantees, heirs, executors, administrators, or assigns, were intended by me to have and enjoy free and uninterrupted access over and upon said streets and avenues." It is contended by the city that this declaration, made more than 15 months after the deed was delivered, operated to give the grantees of Heintz easements of light, air and access over all of the streets designated on the map; in other words, that it made all of the streets subject to private easements therein. If the contention be true, then it must be by way of estoppel, on the part of Lyon, because the declarations of a grantor made after the transfer of both title and possession cannot be received for the purpose of adding to or taking from the subject-matter of the grant. Lent v. Shear, 160 N. Y. 462, 55 N. E. 2. Not only this, but in the map filed the statement is expressly made that the streets and avenues designated thereon are for "convenience in description only, and not with the intent to dedicate the same to public use," and in the deed the land conveyed is not only limited to and bounded by the streets shown upon the map, but the conveyance of such land is made expressly upon the condition that the streets and avenues referred to are for convenience in description only, "and not with the intent to convey the same." After the conveyance to Heintz, the title to the land in the streets shown upon the map remained in Lyon. It had not been affected in any way, because he had expressly reserved it. Of course, he could thereafter have conveyed the same to Heintz had he seen fit to do so, but this he did not undertake to do, and the declaration which he filed falls far short of what the statute requires in an instrument necessary to transfer the title to land. This declaration, in so far as it was acted upon by purchasers of lots or persons acquiring an interest therein, inured to their benefit by estopping Lyon from disputing the right of access to and from lots purchased over so much of the land reserved as might be necessary for that purpose; in other

words, he could not thereafter deny, notwithstanding the reservation in the deed, that the purchasers of lots had an easement by implication. Hier v. N. Y. W. S. & B. R. R. Co., 40 Hun, 314, affirmed 109 N. Y. 659, 17 N. E. 867. The grant of an easement by implication does not exist for convenience, but only where there is a necessity for it. Wheeler v. Clark, 58 N. Y. 267; Ogden v. Jennings, 62 N. Y. 526; Kings County Fire Ins. Co. v. Stevens, 101 N. Y. 411, 5 N. E. 353. That Lyon intended nothing more than an easement by implication should be acquired under his declaratory statement is evidenced by the statement itself—in which nothing is in fact granted —as well as by the subsequent use and occupation of the land reserved. The title to the entire tract, it must be borne in mind, was acquired by Lyon in 1867, and from that time until he conveyed to Heintz the entire parcel had been surrounded by a fence. After the conveyance to Heintz, the fence on that portion of it which abutted on Division avenue—a traveled thoroughfare—was removed at the point where it crossed the strip designated as "Robbins Avenue," so that about 193 feet of that avenue was left uninclosed. The part of Robbins avenue thus left open is designated in this proceeding as "Parcel No. 6A," and the award made for damages sustained by taking it was upon the theory that there were private easements therein; and that such award is correct is not questioned by any of the parties on this appeal. When the fence was removed from the southwesterly end of parcel No. 6A, one was erected at the northeasterly end of the fence, which extended entirely across Robbins avenue so that the portion of the avenue lying northeasterly of the fence could not be used as a thoroughfare, and was not accessible either to the public or to purchasers of lots abutting on No. 6A, and thereafter both it and the balance of the whole tract was inclosed by a fence. After the change in the location of the fence, Heintz conveyed to various persons lots abutting upon parcel No. 6A, and these persons used, as they undoubtedly had a right to, so much of the part of Robbins avenue as was necessary in passing to and from their respective lots to Division street. But no part of the remainder of Robbins avenue was adjacent to any of the lots sold by Heintz, nor was passage over the same in any way necessary to the use and enjoyment of such lots. In 1883 Heintz reconveyed to Lyon all the land Lyon had conveyed to him with the exception of a few lots retained and others that had been sold, but none of which abutted on the portion of Robbins avenue designated in this proceeding as Nos. 6, 7, and 8, and for which the awards complained of were made. In this deed there was inserted: "The streets and avenues above mentioned are all referred to or shown on said map for convenience in description only, and not with intent to dedicate the same to public use." This fact, taken in connection with the facts hereinbefore referred to, indicates, as it seems to me, that Lyon never intended to create any easement over Robbins avenue, or any other streets, designated upon the map filed by him, except such as might be absolutely necessary in getting to or from lots which might be sold. As already indicated, a right of way was not necessary to reach any lots sold or reserved by Heintz over the tracts 6, 7, and 8, and therefore no easements were

acquired in these parcels.  If I am correct in this conclusion, then it necessarily follows that the awards made by the commissioners were correct, and the order confirming their report in this respect should be affirmed.

This brings us to the appeal taken by certain property owners from so much of the order as confirms the report of the commissioners relating to assessments made upon their lots for opening the avenue.  Section 980 of the Greater New York Charter (Laws 1901, p. 411, c. 466) provides, among other things, that the commissioners shall in no case assess any lot, whether improved or unimproved, more than one-half of the value thereof as "valued by the commissioners," and it has been held by this court (Matter of East 175th Street, 49 App. Div. 114, 63 N. Y. Supp. 468; Matter of Whitlock Avenue, 51 App. Div. 436, 64 N. Y. Supp. 717, affirmed 163 N. Y. 606, 57 N. E. 1117) that this section of the charter applies to assessments made after the 1st of January, 1898, the date when the charter took effect.  Here the preliminary report of the commissioners was not filed until after the charter went into effect, and therefore the assessments are to be governed by the section referred to.  The commissioners could not impose an assessment upon any of the lots until they had fixed and determined the value of such lots, and then such assessment could not exceed one-half of their valuation.  In order to justify an assessment under this section, it is necessary that the report of the commissioners should show that the assessment is not more than one-half the value of the lot, and this cannot be done unless the report shows that the commissioners have determined the value of the lot assessed.  Here there is nothing to show that the commissioners have ever determined the value of any lot upon which assessments have been imposed, nor is there anything to show that the assessment is not in excess of what the statute permits.  Therefore upon its face it is illegal, and must be sent back to the commissioners for further consideration.  Matter of Second Avenue M. E. Church, 66 N. Y. 395; Matter of Cram, 69 N. Y. 452.

It follows that the order appealed from, in so far as it confirms the report of the commissioners awarding damages to the owners of Damage Maps Nos. 6, 7, and 8, must be affirmed, and in so far as it confirms the report of the commissioners as to assessments made upon the lots of owners who have appealed it must be reversed, with costs to the appealing property owners, and sent back to the commissioners for a further consideration.

O'BRIEN and INGRAHAM, JJ., concur.  VAN BRUNT, P. J., dissents.

LAUGHLIN, J.  I dissent from the conclusion reached by Mr. Justice McLAUGHLIN in his opinion in this case in so far as it affirms the order appealed from, and I concur with that part of his opinion which directs a reversal.  I am of the opinion that the order appealed from should be reversed in toto.