· ·[No. 6116. Decided August 1, 1906.]

ANDREW LINDBLOOM *et al., Respondents,* v. J. BERKMAN *et al., Appellants.*[1]

LANDLORD AND TENANT—LEASE—CONSTRUCTION—APPURTENANCES. A lease of the upper stories of a building, reserving the right to repair the stairway leading to the leased premises, carries with it as an appurtenance the right to use the hallway on the first floor which was the lessees' only entrance, and which, by reason of its size, added greatly to the value of the lease; hence an injunction would lie against the lessor's subsequent use of a portion of the hallway for hucksters, greatly impeding access to the leased premises; and this although the hallway had been somewhat increased in size in repairing the stairs.

DAMAGES—EXCESSIVENESS—LANDLORD AND TENANT—USE OF PREM·ISES. Damages recovered by a lessee for unlawful use by the lessor of part of the demised premises are not excessive where they were less than the amount received by the lessor for the use and rents thereof.

1Reported in 86 Pac. 567.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 20, 1906, in favor of the plaintiffs, after a hearing on the merits before the court without a jury, enjoining the interference by the lessor with the entrance or hallway of a building, and awarding damages. Affirmed.

*John E. Humphries* and *Geo. B. Cole,* for appellants.
*Willett & Willett* and *Howard A. Hanson,* for respondents.

FULLERTON, J.—In May, 1903, by a writing duly executed, the appellants leased to the respondents for a term of three years the second, third, and fourth floors of that certain building located at the corner of Occidental avenue and Washington street in the city of Seattle, to be used as a hotel and rooming house. The lease contained among other conditions the following:

"It is further agreed between the parties hereto that the lessors shall have the right to change, alter, or repair the stairway leading to the premises herein leased, on Occidental avenue, at such time and in such manner as they may desire, without notice or consent of the lessees herein."

At the time of the lease the only entrance to the part of the premises let to the respondents was an entrance from Occidental avenue. This entrance, with the hall into which it opened, and which led back to an elevator, was somewhat capacious and attractive, and added greatly to the value of the building for hotel or rooming house purposes. At the time of the lease the hall was unoccupied, but shortly thereafter the appellants, contending apparently that the entrance and hall was not a part of the leased premises, let a part of the hallway to a huckster, who, over the protest of the respondents, entered therein with his wares, and greatly impeded ingress and egress to and from the property. Later on they changed the stairway, moving it from near the center of the hallway to one side, and from time to time thereafter leased the space thus made to hucksters, and dealers in cheap wares,

and maintained them in their possession, against the protest of the respondents, until they were forbidden so to do by the injunctive order of the trial court sued out at the commencement of this action.

This action was for injunctive relief and for damages. It was tried without the intervention of a jury, and resulted in a judgment for the respondents enjoining the appellants from further interfering, during the pendency of the lease, with the entrance or hallway, and for damages in the sum of $50 per month during the time the respondents were denied the sole use of the entrance and hall.

While the record is voluminous and counsel for appellants have discussed the case somewhat elaborately, it seems to us that it involves but one question of law; namely, did the right to the possession of the entrance and hallway pass to the respondents by virtue of the lease. As to this question there would seem to be but little room for doubt. While it was no part of the second, third, or fourth floors of the leased building, yet it was the only means of ingress thereto and egress therefrom, and unquestionably passed to the lessees as an appurtenant to the property leased. The fact that the appellants may have increased the size of the open space in the hallway by the change they made in the stairs did not give them the right of exclusive possession to any part of the hall. The rights reserved in the lease were to change, alter, or repair the stairway; no right to the space saved by the change was reserved, and such a reservation would not follow from the mere right to change, alter, or repair the stairway.

On the question of the amount of damages we think the evidence supports the judgment. It is less in amount than the appellants actually received for the use of the space from the persons they put into possession of the hallway, and certainly its use was as valuable to the respondents as it was to the appellants.

The complaint that the injunction is too sweeping in that it will expose the appellants to an action for damages is not

well taken. The decree simply requires the appellants to place the premises in the same condition it was at the time of the execution of the lease, the change in the stairway alone excepted. The power to change, alter, and repair the stairway implies the power to make it safe for use, and the appellants are not barred by the decree from so doing.

The judgment is right and should be affirmed. It is so ordered.

Mount, C. J., Hadley, Root, Dunbar, Crow, and Rudkin, JJ., concur.