RICE & HUTCHINS ATLANTA COMPANY *et al. v.*
GRIFFIN *et al.; et vice versa.*

PER CURIAM. The rulings on the admissibility of evidence show no
cause for reversal. On conflicting evidence the judge did not err in
his judgment granting in part, and refusing in part, the temporary
injunction as prayed.

*Judgment affirmed on both the main and the cross-bill of exceptions.
All the Justices concur.*

Nos. 1802, 1803. OCTOBER 2, 1920.

Injunction. Before Judge Pendleton. Fulton superior court.
November 13, 1919.

The plaintiffs occupied under lease the second floor of a build-
ing, the entrance to which floor was by stairway from the side-
walk. In the several rooms on this floor they conducted exten-
sively the practice of dentistry. In the lease it was stipulated
that "lessee shall have the right to place signs on windows, walls,
and stairway, and to have a dental case at the northern entrance
to stairway on ground entrance." The defendants succeeded to
the rights of the lessor, and commenced the work of remodeling
the front of the ground-floor room next to the sidewalk, including
purposed changes in the stairway entrance by so reducing its
width as to make it of the same width with the staircase, and
by substituting different pillars or supports at either side of the
stairway entrance, etc. Upon the hearing of an application for an
injunction, and on voluminous pleadings and evidence, the judge
ordered that the defendants be "restrained from in any way inter-
fering with the width of the entrance to the second floor at the
front, but the same must be maintained at its present width from
pillar to pillar; but the defendants are not enjoined from re-
moving said pillars and replacing them with other pillars or sub-
stitutes therefor, preserving the distance between the pillars as
now shown. The defendants are enjoined from interfering with
the written sign on the transom, and from interfering with the
pendent sign below the transom; it being the purpose of the court
to submit to a jury the question of whether or not plaintiffs have

a right to the sign on the transom and also the pendent sign. Said transom and signs may be removed during the work of reconstruction; provided they must be restored to and in their present condition and size, and said work proceed expeditiously. The entrance at its present width must be maintained, and not interfered with by any work that is being done, except that the entrance may be blocked as much as eighteen inches while the work is being promptly and expeditiously done of removing the column at the right-hand corner. Said removals of signs and pillars are not to be done until necessary." The defendants excepted to the restraint of interference with the width of the entrance and the requirement that it be maintained as at present from pillar to pillar; to the injunction against interfering with the written sign on the transom and the pendent sign below it; and to several rulings on admission of evidence. The plaintiffs by cross-bill of exceptions assigned error on the failure to enjoin against removal of glass windows in the side walls adjoining the ground-floor entrance; and to sundry rulings excluding evidence.

*Mayson & Johnson,* for plaintiffs in error in main bill of exceptions, cited, on width of entrance: Turner v. Thompson, 58 *Ga.* 268 (24 Am. R. 497), s. c. 69 *Ga.* 219; Jemo v. Tourist Hotel Co., 55 Wash. 595; Lindbloom v. Berkman, 43 Wash. 356 (86 Pac. 567); Kitchen Hotel Co. v. Philbin, 2 Neb. Unoff. 340 (96 N. W. 487); Walker v. Clifford, 128 Ala. 67 (29 So. 588); Ward v. Robertson, 77 Iowa, 159 (41 N. W. 603); Cummings v. Perry, 177 Mass. 407 (58 N. E. 1083); Agate v. Lowenbein, 4 Daly (N. Y.), 62; Vidvard v. Cushman, 23 Hun (N. Y.), 434; Oakford v. Nixon, 177 Pa. 76 (35 Atl. 588). On signs at entrance: Salinger v. North American Woolen Mills, 70 W. Va. 151 (73 S. E. 312); Booth v. Gaither, 58 Ill. App. 263; McNair v. Ames, 68 Atl. 950; Lawrence v. Springer, 49 N. J. Eq. 289 (24 Atl. 933); Crosdale v. Lanigan, 129 N. Y. 604 (29 N. E. 824, 26 Am. St. R. 551); Johnson v. Stillman, 29 Minn. 95 (43 N. W. 192); Cronkhite v. Cronkhite, 94 N. Y. 323; Baker v. L. & N. R. Co., 65 Miss. 172; St. Louis Stock Yards v. Wiggins, 112 Ill. 384; Tanner v. Valentine, 75 Ill. 625; Collins v. Macey, 25 Conn. 239; Wilson v. St. Paul &c. Ry. Co., 41 Minn. 56 (42 N. W. 600, 4 L. R. A. 378); Houston v. Laffee, 46 N. H. 505; Dunneen v. Rich, 22 Wis. 524; Simpson v. Wright, 21 Ill. App. 67; Brown v.

Woodworth, 5 Barb. 550; Kivett *v.* McKeithen, 90 N. C. 106; Hitchens *v.* Shaller, 32 Mich. 496; Owen *v.* Field, 12 Allen, 457; Jones, Land. & Ten. § 40. On glass partitions, and light on stairway: *Smyth* v. *Nelson,* 135 *Ga.* 96; Holden *v.* Tidwell, 37 Okla. 553 (133 Pac. 54); 16 R. C. L. 709, 716, and cit.

*James W. Austin* and *Charles T. & John L. Hopkins,* contra, cited: *DeFoor* v. *Stephens,* 133 *Ga.* 617; *Darnell* v. *Columbus &c. Co.,* 129 *Ga.* 62; *Asa G. Candler Inc.* v. *Ga. Theater Co.,* 148 *Ga.* 188, and cit.; 24 Cyc. 1045, 1046; Lidgerding *v.* Zignego, 77 Minn. 421 (80 N. W. 360); Edmison *v.* Lowry, 17 L. R. A. 275; Case *v.* Minot, 22 L. R. A. 536; Tremont Theater Co. *v.* Bruno, 225 Mass. 461 (114 N. E. 672); Flanagan *v.* Welch, 220 Mass. 186 (107 N. E. 979); Rojas *v.* Seeger, 122 La. 218 (47 So. 532); Miller *v.* Fitzgerald Co., 62 Neb. 270 (86 N. W. 1078); Gans *v.* Hughes, 14 N. Y. Supp. 930; O'Neill *v.* Breese, 23 N. Y. Supp. 526; Vinissky *v.* Lazovsky, 155 Ill. App. 596; Riddle *v.* Littlefield, 53 N. H. 503; 9 R. C. L. 754, § 21, 763, § 27, and cit.; Note to German Saving &c. Co. *v.* Gordon, 26 L. R. A. (N. S.) 331; Kelly *v.* Dunning, 43 N. J. Eq. 62; Toothe *v.* Bryce, 50 N. J. Eq. 589; Curtiss *v.* Ayrault, 47 N. Y. 73; Morrison *v.* King, 62 Ill. 30; Powers *v.* Heffernan, 233 Ill. 597 (84 N. E. 661, 16 L. R. A. (N. S.) 523); National Bank *v.* Cunningham, 46 O. St. 575; Civil Code, § 4628.