# SUPERIOR COURT

Woonsocket Chamber of Commerce
vs.
T. Frank Kennedy and
James F. Gilbert

Eq. No. 6740.

RESCRIPT.

September 20, 1924.

HAHN J. Heard on demurrer to bill of complaint.

Complainant leased in 1919 from Henrietta A. Longley, the fourth floor and mezzanine story of the Longley Building, a four story structure, the lease running as follows:

"That the said lessor does hereby demise and lease unto the said lessee the whole of the fourth floor and mezzanine story of that brick building known as the Longley Building situated on the westerly corner of Main street and High street in said City of Woonsocket, including the use of the stairways and corridors connecting the said demised premises with the entrances to said building TO HAVE AND TO HOLD the same with the appurtenances thereof" etc.

The lease was for ten years and included the entire fourth floor. Prior to the lease, and while the premises were being put into shape for complainant, doors were erected on stairways leading from the third to the fourth story and the cost of such erection was born by the lessor. These doors remained in position and in the control of the lessee or complainant for some two years, when the respondents acquired the interest of Henrietta A. Longley in the building and proceeded to remove the doors and notify the complainant that no doors would be permitted there. Complainant erected more doors and these were removed.

Complainant now asks for an injunction to prevent such interference with his interest and alleges in his bill that the doors in question are essential to his tenancy. Respondents have demurred to the bill and claim that the doors were constructed upon portions of the premises not included in the lease, etc.

It seems important to note at the outset that there are but four stories to the building in question and that the complainant leased the entire fourth floor, so that the stairs from the third to the fourth floor were not used in common with other tenants, as the stairs lower down. The importance of this distinction is pointed out in the case of Finkelstein vs. Schlanowsky, 76 N. Y. Misc. 500, 501, where the Court says: "The stairway furnished the means of access to the basement store leased by the plaintiff's husband, and to no other part of the building. It would appear, therefore, to be an appurtenance to the demised premises."

The rule is thus stated in 16 Ruling Case Law, p. 708; "Where there are separate tenements on the different floors of a building and in connection therewith there are platforms or porches connected by stairways, such portion of one platform as is used exclusively by the tenant of a particular tenement, as distinguished from the connecting stairways and the portion of the platform used in common by the tenants of the several tenements in connection with the stairway, has been held to be included in the premises leased to the tenant of the particular tenement."

Moreover, it seems to be the general rule that a lease of a part of a building passes with it as incident thereto everything necessarily used with or reasonably necessary to the enjoyment of the part demised.

Thus, in Runyan vs. City of Los Angeles, 180 Pac. 837, a lease of a store carried with it the basement beneath, etc.

Similiarly, in the case of Lindbloom vs. Berkman, 43 Wash., 356, a lease of certain floors of a building was held to carry with it the right to exclusive possession of a hall below, the Court saying:

"While it, (the hall, etc.) was no part of the second, third or fourth floors of the leased buildings, yet it was the only means of ingress thereto and egress therefrom and unquestionably passed to the lessees as an appurtenance to the property leased."

And in the case of Shaft vs. Carey, et al., 107 Wis. 273, 277, the Court said:

"When a person leases a room in a biulding, with doors and passageways so connected with other rooms as to be essential to the use and enjoyment of the one leased, the law implies a covenant that such use shall not be interfered with during the continuance of such term. The appurtenances of ingress and egress, essential to use and reasonably within the contem-

plation of the parties at the time of the leasing are as much a part of the estate conveyed as the room itself, and any interference therewith is an invasion of the rights of the lessees for which the law affords a remedy."

In view of the apparent need of reasonably privacy on the part of the lessee and that the lessee took the entire top floor, it seems most reasonable to hold that the stairway in question passed as part of the demised premises, and this seems most consistent with the tenor of the agreement and the apparent intention of the parties, as evidenced by the early erection of the original doors and their long continued existence.

Demurrer overrulued.

For complainant. Swan, Keeney & Smith.

For respondent: Green, Kennedy & Greene.