**In re Estate of James McCormick, Deceased.**
**Joseph A. McCormick, Administrator, Appellee, v.
Thomas J. Gaynor, Appellant.**

**Gen. No. 38,403.**

Opinion filed June 22, 1936. Rehearing denied and opinion modified July 6, 1936.

FOREMAN, BLUFORD, KRINSLEY & SCHULTZ, of Chicago, for appellant; LAZARUS KRINSLEY, RAYMOND HARKRIDER and GILES H. PENSTONE, all of Chicago, of counsel.

THOMAS A. WALPOLE and EDGAR B. ELDER, both of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the respondent from an order entered in the circuit court of Cook county in a citation proceeding wherein it appears that the petitioner as administrator of the estate of James McCormick, deceased, filed a petition in the probate court of Cook county praying that a citation be issued directed to the respondent, commanding him to appear and answer interrogatories with reference to two notes for $20,800 and $20,690 respectively, in which notes petitioner claimed on behalf of the estate a one-half interest, and further praying that the respondent be directed to deliver to petitioner said notes or any part thereof found to belong to said estate.

Respondent admitted that he held said note for $20,800, but claimed to be the owner thereof. On February 27, 1934, the probate court entered an order in

said proceeding finding the note was the property of the estate and directing the respondent to deliver it to petitioner. From this order there was an appeal to the circuit court of Cook county. The proceeding was again heard and tried *de novo* in the circuit court of Cook county, and the court entered an order finding that said note for $20,800 was the property of the estate of James McCormick, that petitioner was entitled to the possession thereof, and ordered respondent to deliver said note to petitioner.

The facts in this case are that the respondent as surviving partner filed an answer to a claim in the probate court of Cook county by the administrator of the estate of James McCormick, deceased, and there is evidence that the decedent was in his lifetime a partner of the respondent. This partnership existing between Thomas J. Gaynor and James McCormick was on July 1, 1927, merged into a successor corporation known as Gaynor and McCormick, Inc. Assets, a part of this copartnership, were retained by the partners and were not transferred to the corporation. Part of such assets retained consisted of two promissory notes signed by Benjamin E. Cohen, dated March 25, 1926, one for $20,800 and the other for $20,690. These notes were secured by trust deeds conveying certain described real estate to a trustee. The promissory notes were placed by the respondent Thomas J. Gaynor in a deposit box in the Madison and Kedzie State Bank. On July 11, 1928, sometime after the organization of the corporation, James McCormick, who was then living, was given joint access with Gaynor, the respondent, to this deposit box. After Mr. McCormick's death the administrator of his estate was given access to the same safety deposit box for examination thereof.

The evidence is conflicting as to the alleged fact that in August, 1929, after the death of Mr. McCormick, the administrator of the estate, Thomas J. Gaynor, re-

spondent, together with Thomas Walpole, attorney for the estate, and Edward P. Kearns, went to the vault and checked through the various papers in the deposit box, and Mr. Gaynor indicated the ownership of each one. The two above described promissory notes were found in the box, and Mr. Gaynor said: "We owned them jointly; each one had a half interest." There is also evidence in the record that statements were made by Mr. Gaynor to the same effect, but this is in dispute.

The facts further disclose that in June, 1933, the respondent transferred the promissory note for $20,690 to the maker, Benjamin E. Cohen, upon the payment of $3,500. However, the other note signed by Cohen is still in the possession of the respondent.

From the facts it is apparent that James McCormick in his lifetime was interested in the Cohen notes to the extent of a one-half interest with the respondent; that upon the death of Mr. McCormick, the administrator succeeded to his interest in the notes. It is to be noted that the respondent now claims ownership of the note now in his possession.

It is important to examine the various provisions of the Uniform Partnership Act, ch. 106a, Ill. State Bar Stats. 1935, in force since July 1, 1917, that are applicable to a controversy between a surviving partner and the administrator of the estate of a deceased partner.

Section 30 of the act provides that on dissolution the partnership is not terminated until the winding up of the partnership affairs is completed, and it is not dissolved unless by the express will of the partners, or by the death of one of the partners.

Section 25 provides that a partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.

Section 21 provides that:

"Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

Upon the right to possession of a surviving partner, section 25, subdivision (d) provides:

"On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose."

It is clear that under the Uniform Partnership Act the respondent in this case was a co-tenant with James McCormick, his partner in partnership property. Upon the death of Mr. McCormick, the interest of the deceased passed to the administrator of his estate, as successor, and the respondent must account for any profits he may have derived or benefits received by virtue of the disposition of the partnership assets. Applying section 25, subdivision (d) of the act to the instant case, it is clear that upon the death of James McCormick title to the partnership property vested in the respondent, and as the surviving partner the respondent is possessed of the partnership property for partnership purposes.

The fact that the respondent claims to be the owner of the note in question is not satisfactorily explained. While he is entitled to possession of the assets as a surviving partner, still he cannot by any act of his convert this property so as to become the owner.

It is to be noted from the claim filed by the administrator that he as the representative of the estate claims only a one-half interest in the notes described in the claim. This is not an accounting proceeding wherein the court is to determine the interests of the partners at the time of the death of the partner James McCormick, but is for the purpose of divesting the respondent of his interest in the partnership note.

The conclusion reached by this court is based largely on a question of fact, and there is but little dispute regarding the evidence. From the state of the record we are of the opinion that the court erred in entering an order finding that the note for $20,800 is the property of the estate of James McCormick, deceased. The respondent, under the statute as the surviving partner, is entitled to possession of this asset, and the court was, therefore, not empowered to direct that the note be delivered to the petitioner.

For the reasons stated in this opinion, the judgment is reversed.

*Judgment reversed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.

OPINION DENYING APPELLEE'S MOTION TO DISMISS APPEAL.

The motion of the administrator of the estate of James McCormick, deceased, the petitioner, to dismiss the appeal of the respondent was urged upon the ground that the final judgment was entered on March 13, 1935, and the appeal by the respondent was not taken within the time fixed by the statute.

It would seem that on March 13, 1935, at the conclusion of the hearing, the cause was continued to March 16, 1935, in order that a proper judgment order might be presented to the court to be entered at that time. Subsequently, on March 16, 1935, the matter was again continued, and on March 23rd, an order was presented to the court and entered, and from the order entered on this date respondent appealed.

From the record it would seem that there were two judgments, one of March 13, 1935, and the other of March 23, 1935, and from the whole record as submitted to this court it is apparent that further hearing was had, at which evidence was presented by both sides, and the respondent presented propositions of law, some of which the court marked "Held" and others of which the court marked "Refused" and the draft order was presented by the attorney for the administrator of the estate of James McCormick, deceased.

As to the question of where there are two judgments appearing of record, it is contended by the respondent that the subsequent judgment signed by the court on March 23, 1935, superseded the prior judgment of March 13, 1935, and became the final and appealable judgment of the court, and he submits in support of this proposition the case of *Cummins v. Mullins,* 183 Ky. 666; also *Hulbert v. All Night and Day Bank,* 29 Cal. App. 765, 157 Pac. 546.

Our attention has also been called to the case of *Jemo v. Tourist Hotel Co.,* 55 Wash. 595, 104 Pac. 820, in which the facts are somewhat similar to those in the case now being considered. There the court held that the respondent in that case caused a later judgment to be entered, and by so doing estopped himself from asserting that it was not the final appealable one. This applies to the acts of the attorney for the estate, who prepared and presented the order for the entry of the judgment of March 23, 1935. Therefore, by such conduct petitioner is estopped to contend that it is not a final judgment.

Other points have been called to our attention upon this question, but we are satisfied that the appeal taken by this respondent was within the time allowed by the statute; therefore the motion to dismiss the appeal is denied.

*Motion to dismiss denied.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.